# Barnett *v.* The State.

## *Murder:*

(Decided June 30th. 1909.   Rehearing denied Dec. 16th. 1909.—51 So. 299.)

1. *Statutes; Enactment; Local Laws; Notice.*—Local Acts 1907, p. 498, purporting to amend Acts 1898-99. p. 878. is void. for failure of the journals to show the notice of the intention to introduce; the journals showing only an affidavit that the above notice was published, etc., but the notice itself not being shown.

2. *Same; Repeal.*—The Tuscaloosa County Law and Equity court was established by the Acts of 1896-7, p. 262; Sec. 28 of said act was amended by Acts 1898-99 p. 878; sections 2 and 25 of the original act was amended by Acts 1900-1 p. 714. and the court was therein designated as the Tuscaloosa County Court; by Acts of 1903 p. 309, section 28 of the former acts was repealed. but the title of that act was an act to amend an act to establish the Tuscaloosa County Law and Equity Court. The objection taken to the notice as to the introduction of the Act of 1903 is that that notice referred to the act amended as an act to create the Tuscaloosa County Law and Equity Court. whereas there was then no such court. Held that the objection was not tenable, and that the notice was a sufficient compliance with section 106 Constitution 1901.

3. *Evidence; Res Gestae.*—Things said by the defendant just immediately before the shooting, and at the time of the shooting are a part of the res gestae, as were the replies thereto, and served to explain the motives of the defendant and the causes leading to the killing.

[Barnett v. The State.]

4. *Appeal and Error; Harmless Error; Evidence.*—Where, on cross-examination by the defendant a witness answered, in response to the question propounded, "Yes, he went there to slop his hogs, but I never knew him to slop them that soon in the morning," and the state on redirect examination brought out all the facts, it was harmless error to defendant to overrule a motion to rule out the latter part of said answer.

5. *Evidence; Profert of Articles; Clothing.*—Where the charge was homicide by shooting, it was proper to permit the introduction of the clothing worn by deceased at the time of the killing, as showing the location of the wound.

6. *Same; Flight.*—The state having offered no evidence tending to show flight, it was incompetent for the defendant to offer evidence as to what he said about going to the sheriff to surrender himself, or as to his surrendering himself to the sheriff, or as to who went to town with him for that purpose.

7. *Same; Character of Accused.*—Where the defendant had introduced evidence of his general character, it was competent for the state to develop the fact, if it could, that a witness had heard before the killing being prosecuted for that the defendant had met a certain person on the road and had shot at him.

8. *Witnesses; Impeachment; Character.*—Where a defendant testifies for himself the state may introduce evidence tending to show that his general character is bad, for the purpose of impeachment.

9. *Trial; Argument of Counsel.*—Where a witness is equally accessible to either party to a controversy, it is incompetent for counsel in argument to comment upon the failure of a party to examine or produce the witness.

10 *Homicide; Evidence.*—Where it was shown that a certain party was not present at the killing, but that he was in Oklahoma at that time, the fact as to when he went and how long he had been there was immaterial.

11. *Same.*—It not being denied that defendant shot the deceased, it was competent to show the nature of deceased wounds, the blood on his clothing, and that a cartridge was found near his house.

12. *Same.*—Where the testimony introduced by the state related entirely to the circumstances of the shooting and the nature of the wounds inflicted, it was not competent for the defendant to show whether he purchased any oil at the store, who poured it out, or as to whether he carried it home.

13. *Same; Former Difficulty.*—It was competent for the state to show a former difficulty between defendant and deceased, where no offer to go into the details of the difficulty was made.

14. *Same; Self Defense; Instructions.*—Charges predicating an acquittal of homicide upon the doctrine of self-defense, which fail to hypothesize the defendant's freedom from fault in bringing on or provoking the difficulty, are faulty and properly refused.

APPEAL from Tuscaloosa County Court.

Heard before Hon. HENRY B. FOSTER.

[Barnett v. The State.]

Lee Barnet was convicted of murder and he appeals. Affirmed.

DANIEL COLLIER, R. H. SCRIVNER and HENRY FITTS, for appellant.—Counsel insist that the act of 1907, p. 500, was valid, but that the act of 1903 was void as violative of Sec. 106 Constitution of 1901, and cites in support thereof 41 South. 180; *Cocciola v. Wood-Dickerson Co.*, 136 Ala. 536; *Foster v. Napier*, 80 Ala. 379; *Holbrooks v. Holbrooks*, 1 Pick. 248; *Wallace Case*, 140 Ala. 501; *Sudduth v. The State*, 124 Ala. 35; *Green v. The State*, 39 So. 364; *Speake v. State ex rel.*, 39 So. 225; *Hooten v. Mellin*, 142 Ala. 245; *Norvelle v. The State ex rel.*, 143 Ala. 561; *Alford v. Hicks*, 142 Ala. 255; *Larkin v. Simmon*, 46 South. 451. The court erred in admitting statements made by defendant prior to the killing.—*Dismukes v. The State*, 85 Ala. 326; *Whittaker v. The State*, 106 Ala. 30. The court erred in not excluding the statement of the witness that she had never known defendant to slop his hogs that soon in the morning.—*Ramey v. Smith*, 138 Ala. 338; *B'ham R. & E. Co. v. Jackson*, 136 Ala. 286. The court erred in admitting the other evidence objected to.—52 Ala. 513; 58 Ala. 215; 69 Ala. 233. The state undertook to show the mission and purpose. of defendant in going to Olive's store, and the thing he did there was admissible on the cross.—*Burns v. The State*, 49 Ala. 374; *Tesney v. The State*, 77 Ala. 33; 87 Ala. 65. The court erred in permitting the state to show that defendant had met a party on the road and shot at him.—*Gordon v. The State*, 140 Ala. 29; *Smith v. The State*, 129 Ala. 89; *Jones v. The State*, 76 Ala. 9; *Jackson v. The State*, 78 Ala. 471; 1 Wigmore on Evidence, Secs. 57, 59 and 11 Id. Sec. 982.

ALEXANDER M. GARBER, Attorney General, and THOM-
AS W. MARTIN, Asst. Atty. Gen., for the state.—The
validity of the act of 1903 was determined in *Greene v.
The State,* 143 Ala. 2.  The notice concerning the act of
1907 was not spread upon the journals, although there
is an affidavit that such notice was given.  This is not
sufficient.  The court did not err relative to the admis-
sion or exclusion of evidence.—*Nelson v. The State,*
130 Ala. 83; *Holley v. The State,* 75 Ala. 14; *Jones v.
The State,* 137 Ala. 12; *Ferguson v. The State,* 134 Ala.
63; *Pate v. The State,* 94 Ala. 14.  It was competent
to show the particular acts of defendant by the witness
who testified as to his good character.—*Steel v. The
State,* 83 Ala. 20; *Terry v. The State,* 118 Ala. 86.  The
charges were properly refused.—*Mitchell v. The State,*
133 Ala. 165; *Harrison v. The State,* 144 Ala. 20.

SIMPSON, J.—The appellant was indicted for mur-
der in the first degree, and convicted of murder in the
second degree.  The trial was had within less than five
months after the commission of the offense, and before
going into trial the defendant claimed the benefit of the
special act in regard to Tuscaloosa county, and object-
ed to be put on trial because five months had not elaps-
ed since the commission of the offense.

The act of July 19, 1907, purporting to amend a pre-
vious act, and, among other things providing that in
capital cases, a defendant should not be put upon trial
within five months from the time of the commission of
the alleged offense (Loc. Acts 1907, p. 498), is void, on
account of the failure to comply with the requirements
of section 106 of the Constitution of 1901. The journals
show an affidavit that "the above notice was published,"
etc.; but the notice is not set out in the journal.  The
appellant contends that such provision is the law of

that court at any rate, because the act of 1903, which purported to repeal the same section in a former act, is itself void, for failure to comply with the same constitutional provision. The various acts in regard to said court are as follows:

The court was organized by the act of December 9, 1896, entitled "An act to establish the Tuscaloosa county law and equity court" (Acts 1896-97, p. 262), and section 28 of that act provides that in capital cases, or involving punishment by imprisonment for five years or more, if the cause is continued, the first continuance shall be for not less than five months, unless the defendant consents thereto in writing." By the act of February 15, 1899, said section 28 was amended so as to read: "That no defendant shall be put upon trial for any offense which may be punished capitally, within five months from the time of the commission of the alleged offense, unless the defendant consent thereto in writing, for a trial within a shorter time."—Acts 1898-99, pp. 878, 880. The act of December 13, 1900, amends sections 2 and 25, providing for the continuance in office of the judge "of the said Tuscaloosa law and equity court now designated, by amendment, as the Tuscaloosa county court."—Acts 1900-01, p. 714. The act of October 1, 1903, is entitled "An act to amend an act to establish the Tuscaloosa county law and equity court," etc., and among other things provides: "That section 28 of said act as amended by act approved February 15, 1899, be and the same is hereby repealed."—Loc. Acts 1903, pp. 309, 310.

It is first insisted that the notice does not show what act was intended to be amended or repealed. It will be noticed that the original act of 1896 has never been repealed. The amendatory acts have merely amended certain sections of that act, and, although by a later

act the name of the court was changed to the "Tusca-
loosa county court," yet, for purposes of amendment,
it is proper to refer to the act creating the Tuscaloosa
law and equity court, as the notice did. The notice al-
so states, as one of the purposes of the bill to be intro-
duced, that said act is to be amended "by repealing sec-
28, as amended by act approved February 15, 1899, so
that capital cases can be tried at any time after indict-
ment found." It is claimed that capital cases were then
allowed to be tried at any time after the indictment
found, with the consent of the defendant, and that this
notice does not contain the substance of the proposed
amendment, but should have stated that the section of
the act was to be repealed, so that the defendant could
be tried at any time after the indictment found, with-
out his consent.

It is unnecessary to refer to the many deliverances
which have been made by this court as to the objects
and purposes of this constitutional requirement. No
one could have been deceived by this notice, for it states
distinctly that said section 28 is to be repealed, and the
notice might have stopped there. The mere statement
as to what is to be accomplished by this repeal does not
affect the validity of the notice. A reference to the act
would show exactly what would be accomplished by said
repeal. In the case of *Green v. State,* 143 Ala. 2, 39
South. 362, this court held that the notice was suffi-
cient as to one of the other sections of the act, but did
not pass upon section 28. We hold now that the notice
was sufficient as to section 28, and it now stands re-
pealed.

There was no error in overruling the objection to
the question to the witness Mrs. Garrison as to what
Barnett (the defendant) said just immediately before
the shooting, and as to what was said to him at the

same time. This was a part of the res gestae, and served to explain the motives of the defendant's action, and the causes which led up to the killing.—*Collins v. State,* 138 Ala. 57, 34 South. 993; *Viberg v. State,* 138 Ala. 100, 35 South. 53, 100 Am. St. Rep. 22.

The defendant asked the witness Mrs. Garrison (widow of the deceased), on cross-examination, if it was not a fact that Mr. Barnett very often passed along by her front steps, going to and fro to slop his hogs. The witness answered, "Yes, he went there often to slop his hogs; but I never knew him to slop them so soon in the morning." The defendant moved to exclude all that part of the answer, "but I never knew," etc., and the court overruled the objection. If this was error, it was without injury, as the state, on re-examination, brought out the same statement, and it was legal testimony.

One witness stated, in answer to a question on cross-examination, that one Crosby was not there, at the time of the shooting, but was in Oklahoma. It was entirely irrelevant how long said Crosby had been in Oklahoma, and there was no error in sustaining the objection to that question.

There was no error in allowing the clothes which deceased was wearing when killed, exhibited to the jury, showing the location of the shot, etc.—*Holley v. State,* 75 Ala. 14, 18. The same is true with regard to the testimony as to the nature of the wounds, blood on the clothing of deceased, and to the finding of a cartridge near the house of deceased. These were all circumstances tending to show what brought the deceased to his death, and, if there was no evidence showing what kind of a gun the defendant had, these facts could not prejudice him. There was no dispute about the fact that the defendant shot the deceased.

There was no error in sustaining the objection to the question to the witness Ellison as to whether Barnett told him, after the shooting, that he was going to town to surrender to the sheriff. The defendant could not make testimony for himself in that way.—*Ferguson v. State,* 134 Ala. 64, 70, 32 South. 760, 92 Am. St. Rep. 17.

The questions to the defendant, as a witness, by his counsel, as to whether he bought any oil at the store, who poured it out, and whether he sent it home, called for irrelevant testimony, and there was no error in sustaining objections to them.

The testimony of the state related entirely to the circumstances of the shooting, the nature of the wounds inflicted, etc., and the evidence last referred to was not in answer to any testimony introduced by the state.

The state did not offer any evidence of flight, and consequently there was no error in sustaining the objection to the question to the defendant as to whether he surrendered himself to the sheriff.—*Pate v. State,* 94 Ala. 14, 10 South. 665. It was equally irrelevant as to who went to town with the defendant.

There was no error in permitting the state to ask the defendant whether he and Barnett had a difficulty the evening before the shooting. There was no effort to prove the particulars of the difficulty, and it is always permissible to show previous difficulties, shedding light on the motives which brought about the killing.

The defendant having been examined as a witness, the state was properly allowed to introduce witnesses as to the general character of the defendant. This examination related merely to his general character, as bearing upon his credibility, and that was the extent to which the state could inquire into his character. The defendant then introduced a witness, who testified that

[Barnett v. The State.]

he knew the general character of the defendant in the community in which he lives, and that it is good; also that he had never heard anything against him, and that his general character for truth and veracity was good.

On cross-examination, the state asked said witness: "Have you not heard, and did you not hear, before Mr. Garrison was killed, that the defendant, Barnett, had a difficulty with a party on the road and shot him?" This question was objected to, and the objection overruled. It is the opinion of the writer, and of DOWDELL, C. J., and DENSON, J., that in this the court erred. The defendant's character for peaceableness or the contrary had not been put in issue by the defendant himself, and the state could not inquire into his character in that regard.—1 Wigmore on Evidence, pp. 125, 126, § 57. The majority of the court, however, to wit, ANDERSON, McCLELLAN, MAYFIELD, and SAYRE, JJ., hold that the admission of this testimony was proper, in reply to the examination by the defendant on general character.

It is not permissible for counsel to comment on the failure to examine a witness who was accessible to both parties, and the court did not err in regard to the comments of defendant's counsel in that particular.—*Crawford v. State,* 112 Ala. 3, 21 South. 214.

The charges requested by the defendant, besides other defects, fail to hypothesize freedom from fault in the defendant in bringing on the difficulty, and were properly refused.—*Harrison v. State,* 144 Ala. 21, 40 South. 568; *Mitchell v. State,* 133 Ala. 66, 32 South. 132.

The judgment of the court is affirmed.

Affirmed.

ANDERSON, McCLELLAN, MAYFIELD, and SAYRE, JJ., concur. DOWDELL, C. J., and SIMPSON and DENSON, JJ., dissent.