# Richardson *v.* The State.

## *Murder.*

(Decided May 28, 1912. 58 South. 908.)

1. *Appeal and Error; Harmless Error; Evidence.*—Where it does not appear from the bill of exceptions what the complaint and warrant were, on which defendant was arrested, it cannot be held that the introduction in evidence of the complaint and warrant merely for the purpose of showing the authority of the officers to make the arrest was prejudicial error.

2. *Homicide; Evidence.*—Where it appeared that deceased had been found dead shot with a large calibre bullet, and there was other evidence that defendant, whom deceased was trying to arrest, was in the vicinity armed with a forty-four calibre rifle which he admitted firing at someone, a forty-four calibre rifle and cartridges, together with an empty shell found near the scene of the homicide were admissible.

3. *Same.*—Where the defendant admitted that he was armed with his rifle which was of large calibre, and it appeared that deceased was shot with a large calibre rifle, it was competent for a witness to identify as the defendant's, a gun offered in evidence.

APPEAL from Tuscaloosa County Court.

Heard before Hon. H. B. FOSTER.

Frank Richardson was convicted of murder and he appeals. Affirmed.

RICE & VANDEVOORT, for appellant. The court was in error in admitting evidence that some cartridges, an empty shell and a rifle were found near the scene of the crime, and also in admitting these articles in evidence, as there was nothing connecting these articles even prima facie with the crime in issue.—*Mitchell v. State,* 94 Ala. 68; *Herman v. State,* 22 South. 873; *Fuller v. State,* 147 Ala. 35; Underhill Crim. Evid. 78.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The complaint and warrant were admissible as showing authority for the arrest.—*Martin v. State,* 89 Ala. 115. It appeared that deceased was found dead shot with a large calibre bullet, and defendant was in the neighborhood armed with a forty-four calibre rifle, which he confessed he shot at someone, this together with the other evidence rendered these articles admissible.—*Mitchell v. State,* 94 Ala. 68; *Ezzell v. State,* 103 Ala. 8; *Churchwell v. State,* 117 Ala. 124; *Collins v. State,* 138 Ala. 57; *Davis v. State,* 159 Ala. 105. The sufficiency and credibility of the evidence was for the jury, and the corpus delicti was shown.—*Griffin v. State,* 76 Ala. 29; *Kemp v. State,* 89 Ala. 52; *Shepherd v. State,* 94 Ala. 102.

SIMPSON, J.—The appellant was convicted of the crime of murder in the first degree.

The defendant objected to the introduction in evidence of the complaint and warrant on which he was arrested. Said complaint and warrant is not set out in the bill of exceptions, and we cannot say that there was anything in it calculated to make its reading preju-

dicial to the defendant; at any rate, it is but one of the steps in the proceedings in this case, and, being introduced merely for "the purpose of showing the authority of the sheriff to make the arrest," there was no reversible error in the action of the court.

The witness Palmer, after testifying that Brown Horton, one of his posse, assisting in the pursuit of the defendant, under a warrant, was shot, and, when he got to him, dead, with a single large bullet hole in his head, stated that a 44-caliber rifle, produced before the court, was brought to him after the killing and after the arrest of defendant; that the defendant, without any threats or offer of reward or other inducement, voluntarily stated to the witness that he owned a rifle like the one in question, that he had it at the time the deceased was killed, and that he shot the rifle at some one whom he did not recognize, at the place where Brown Horton was killed, that at the same time other shots were fired by the party at whom he shot, and that he ran off carrying his rifle with him, and unbreached it after crossing the bridge and threw the empty shells out. This witness also stated that he took from the rifle some loaded cartridges, and also had an empty shell, of the same size, in his possession which had been handed to him by another member of the posse—Fletcher Powers—who is a witness in this case. Over objection the court allowed the rifle and the cartridges to be introduced in evidence, but stated that, unless it was afterwards connected, he would exclude the evidence. Said Fletcher Powers afterwards testified that he was within two or three feet of Brown Horton when he was killed; that it was dark, and he saw Horton call, "Hands up!" and Horton and the man in front of him fired about the same time; that the other party whirled and ran off; that, just after daylight, he and the posse con-

[Richardson v. The State.]

tinued their pursuit of the defendant, in the direction the man had gone; that, after crossing over the bridge, and not far therefrom, they found an empty 44 shell which had been freshly fired, and this shell was picked up and delivered to Sheriff Palmer. This was enough to justify the court in overruling the motion of the defendant, after the state had closed, to exclude the rifle. The jury had a right to examine it, compare its caliber with the empty shell found, and from these and other circumstances determine whether the rifle and cartridge were the defendant's, and whether the shot which killed Horton came from the rifle in the hands of defendant.—*Fuller v. State,* 147 Ala. 35, 37, 41 South. 774; *Churchwell v. State,* 117 Ala. 124, 126, 23 South. 72.

There was no error in permitting the witness Jack Cooper to identify the gun as the one owned by the defendant, as the defendant stated that he had his gun with him on the night of the killing, and these were all circumstances properly placed before the jury, in order that they might determine who fired the shot that killed Brown Horton.

There was no error in the refusal to give the general charge in favor of the defendant.

The judgment of the court is affirmed.

Affirmed. All the Justices concur.