(113 So. 644)

### HYCHE v. STATE. (6 Div. 256.)*

Court of Appeals of Alabama. June 30, 1927.

Rehearing Denied Aug. 2, 1927.

L. D. Gray and J. B. Powell, both of Jasper, for appellant.

*Certiorari denied by Supreme Court in Hyche v. State, 114 So. 906

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, P. J. This appellant was indicted for murder in the first degree, and was convicted of the offense of murder in the second degree; his punishment being fixed by the jury at imprisonment in the penitentiary for twelve years. Judgment of conviction was duly pronounced and entered, from which this appeal was taken.

The appeal here is rested upon certain exceptions reserved to the rulings of the court, upon the admission of evidence.

There appears but slight conflict in the evidence. That Jim, alias James, Tuggle, the deceased named in the indictment, was shot with a gun loaded with buckshot, and killed by this defendant, is not denied. Tuggle, the deceased, was a brother-in-law of this defendant, and it clearly appears that for some years prior to the killing these parties were not on friendly terms.

It appears from the evidence that the deceased was seen by the defendant coming down the road in a two-mule wagon, about 100 yards from defendant's home; that thereupon defendant went into his house, procured his double barrel shotgun, one barrel of which could not be fired because of a broken or defective plunger; that he came out to the road and fired upon Tuggle, who fell to the ground at the first fire; that thereupon the defendant took the shell out of the useless barrel, loaded the other barrel with it, and, while the deceased was lying upon the ground as a result of the first shot, he shot him again, left the body in the road, and went to the sheriff some three and a half miles away, and gave up. There was one eyewitness to the second shot, one Tom Trice, who testified for the state. But slight, if any, conflict appeared in the testimony given by this witness and the statement made by the defendant relative to the shooting. The defendant testified as to the particulars, and gave some evidence of an overt act upon the part of the deceased just prior to the shooting. He testified:

"He stated he (Tuggle) jumped out of the wagon and come running around the mules like, when he started he come around with his hand in his hip pocket, or behind his back; I didn't see any weapon."

■■ Several exceptions were reserved to the court's rulings in permitting the state to prove by its several witnesses, who were the first parties to reach the body, that they made search for weapons near and on the body of deceased, and that they found nothing in the nature of a weapon except a small pocketknife, and that was in the deceased's pocket, and was closed. All this was a proper inquiry, and the rulings were without error. The evidence sought and adduced tended to shed light upon the facts and circumstances of the killing, which was admitted. Its weight or probative force was for the jury.

■ The confessions of the accused were properly admitted, as full and ample predicates were laid, and it clearly appears that the confessions were wholly voluntary.

■ There was evidence of repeated threats against the defendant by the deceased and of mistreatment of the defendant by Tuggle upon several former occasions. The court allowed defendant much latitude in this connection, and, if error there was in the court's rulings, they were favorable to defendant, and he could not complain.

■■ The controlling point of decision in this case, and manifestly the ruling upon which appellant relies principally for a reversal, is wherein the court permitted the state, over the timely objection of defendant, to introduce in evidence the coat and shirt which was worn by the deceased at the time he was shot. It is also insisted that the court erred in permitting these clothes to be taken into the jury room by the jury while they were deliberating upon this case. In this connection appellant cites several authorities—decisions from this court and the Supreme Court—but the case of Boyette v. State, 110 So. 812,[1] appears to be relied upon as the main authority to sustain this insistence. In the Boyette Case Mr. Chief Justice Anderson for the court said:

"The trial court should not have permitted the introduction of the clothing of the deceased, as it shed no light whatever upon any material inquiry in the case, and was but the presentation of an unsightly spectacle calculated to prejudice the jury. There was no dispute as to the location of the wounds or the character of same on or about the head, and the bloody clothing of the deceased shed no light upon any controverted fact. The clothes worn by the deceased should never be offered in evidence unless they 'have some tendency to shed light upon some material inquiry.' "

We are of the opinion that this case must be differentiated from the Boyette Case; the location of the wounds in the Boyette Case were "on or about the head" of the deceased; therefore the clothes in question were not perforated or punctured by the bullets which took the life of deceased, and could shed no light upon the trial of the case. Here the evidence shows that the wounds upon Tuggle, deceased, were in the right and left sides of his body and arms, and the clothing introduced perforated by the shots which took his life. We think, therefore, that the perforated clothing of deceased was properly admitted as shedding light upon the character and location of wounds upon his body, and was cumulative of these facts and as being part of the transaction of the killing. We cannot construe the Boyette Case, supra, in the

---

[1] 215 Ala. 472.

light that it was intended to overrule the decisions of the appellate courts of this state for the past 50 years. In Holley v. State, 75 Ala. 14, Chief Justice Brickell for the court said:

"On the trial of a defendant indicted for murder, the vest worn by the deceased at the time he was killed, and perforated by the shot, may be produced and exhibited to the jury."

In Watkins v. State, 89 Ala. 82, 88, 8 So. 134, 136, the court said:

"It was clearly competent for the prosecution to put in evidence an overcoat, shown to have been worn by deceased when he was shot, through which several bullets had entered the body of deceased."

See, also, Mitchell v. State, 94 Ala. 68, 10 So. 518.

"The hat worn by deceased with a gunshot hole in it" was properly "introduced in evidence." Burton v. State, 107 Ala. 108, 18 So. 284.

"The court did not err in admitting in evidence the coat worn by the deceased at the time of the killing, in which was a rent or hole, caused by the shot which resulted in his death." Dorsey v. State, 107 Ala. 157, 18 So. 199.

The clothing worn by the deceased when killed having been fully identified, an exception reserved to the action of the court in permitting the state to introduce such clothing in evidence is manifestly without merit. Stevens Case, 133 Ala. 28, 32 So. 270.

"There was no error in allowing the clothing which was worn by the deceased to be introduced in evidence." Andrews v. State, 159 Ala. 14, 24, 48 So. 858, 862.

"There was no error in allowing the clothes which deceased was wearing when killed, exhibited to the jury, showing the location of the shot," etc. Barnett v. State, 165 Ala. 59, 51 So. 299.

"Where the charge was homicide by shooting, it was proper to permit the introduction of the clothing worn by deceased at the time of the killing, as showing the location of the wound."

In the case of Pate v. State, 150 Ala. 10, 16, 43 So. 343, 345, the court, through Mr. Justice Anderson, said:

"The clothes of the deceased were properly admitted in evidence. The witness testified that the clothes were in the same condition as when taken off the deceased, except that they had been washed. Granting that the blood had been washed out, they were relevant to show, from the holes therein, where the bullets pierced the deceased."

"The shirt worn by the deceased at the time he was killed was sufficiently identified and was properly allowed to be introduced in evidence." Sanford v. State, 2 Ala. App. 81, 57 So. 134.

"The clothes worn by the deceased on the occasion when he was shot and killed by the defendant were sufficiently identified, and there was no error committed by the court in allowing them to be introduced in evidence on the trial." Huguley v. State, 4 Ala. App. 29, 58 So. 814.

"The clothing worn by * * * deceased * * * and perforated by the shot" is "admissible in evidence." Zorn v. State, 20 Ala. App. 404, 102 So. 722.

See, also, Ragsdale v. State, 12 Ala. App. 1, 67 So. 783; Smith v. State, 183 Ala. 10, 62 So. 864; Richardson v. State, 191 Ala. 21, 68 So. 57; Terry v. State, 203 Ala. 99, 82 So. 113; Ex parte Fuller, 200 Ala. 697, 76 So. 995; Hutchens v. State, 207 Ala. 126, 92 So. 409; Locklear v. State, 17 Ala. App. 597, 87 So. 708; Suttle v. State, 19 Ala. App. 198, 96 So. 90; Sampson v. State, 19 Ala. App. 671, 100 So. 305.

We discover no conflict in the Boyette Case with the numerous decisions above cited and quoted. Where the clothing worn by the deceased at the time of the killing has not been perforated by bullets, etc., or bears no other mark of an attack, the introduction of such clothing in evidence could not be helpful in the location or extent of a wound. This would be true if the death wound was in the head of deceased, as in the Boyette Case.

■ The gun with which defendant killed deceased had been the subject of certain testimony in this case. It was properly allowed in evidence. Richardson v. State, 177 Ala. 8, 58 So. 908; McGuffin v. State, 178 Ala. 40, 59 So. 635.

Every exception appearing in this case has been examined and carefully considered. We are impressed with the fact that the defendant was accorded a fair trial; that no error appears which injuriously affected his substantial rights. It is ordered, therefore, that the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.

