(117 So. 153)

**MOYE et al. v. STATE. (3 Div. 568.)**

Court of Appeals of Alabama. Jan. 17, 1928.

Rehearing Denied May 8, 1928.

Hybart, Hare & Dickey, of Evergreen, for appellants.

Charlie C. McCall, Atty. Gen., for the State.

No briefs came to the hands of the Reporter.

SAMFORD, J. The only question of merit appearing in this record is the action of the court in overruling defendant's motion for a new trial upon the ground that the bloody clothes worn by the party assaulted at the time of the assault were introduced in evidence, and permitted to remain before the jury during the trial. It is insisted that these bloody clothes were but the presentation of an unsightly spectacle calculated to prejudice the jury. This insistence finds some semblance of support in Boyette v. State, 215 Ala. 472, 110 So. 812; but we do not think this case is controlled by the Boyette Case, supra. There the clothes added nothing to the evidence in aid of a verdict. Here the question was as to the gravity of the offense and the severity of the punishment to be fixed by the jury. The clothes, covered with blood as a direct result of the battery, and worn by the assaulted party at the time he was assaulted, were a part of the res gestæ tending to disclose the severity of the assault. It having been shown that the clothes were the same and were in the same condition as when taken off of the assaulted party immediately after the assault, they were admissible in evidence. That in addition to the above the clothes presented a gruesome spectacle does not render them inadmissible.

We think the law is correctly stated in Hyche v. State, ante, p. 176, 113 So. 644.

Let the judgment be affirmed.

Affirmed.

On Rehearing.

PER CURIAM. Rehearing denied.

BRICKEN, P. J. (dissenting). The foregoing opinion is in direct conflict with the decision in Boyette v. State, 215 Ala. 472, 110

So. 812, and with the case of Hyche v. State (Ala. App.) 113 So. 644,[1] as well as with the following opinions of the Supreme Court, covering a period of many years: Holley v. State, 75 Ala. 14; Watkins v. State, 89 Ala. 82, 8 So. 134; Mitchell v. State, 94 Ala. 68, 10 So. 518; Dorsey v. State, 107 Ala. 157, 18 So. 199; Stevens Case, 133 Ala. 28, 32 So. 270; Andrews v. State, 159 Ala. 14, 48 So. 858; Barnett v. State, 165 Ala. 59, 51 So. 299; Pate v. State, 150 Ala. 10, 43 So. 343. See, also, other authorities cited in the case of Boyette v. State, supra, and of Hyche v. State, supra.

The undisputed evidence in this case shows conclusively that the injury complained of was inflicted upon the head of the alleged injured party, that a scalp wound only was inflicted, and that no part of the clothing worn by the alleged injured party at the time of the injury was perforated or punctured, or otherwise injured, except by the blood from the wound. The opinion of the majority expressly so states, and this brings the facts of the case in the same category as the facts of the Boyette Case, supra. If this case is ultimately affirmed, it will result in the necessity of overruling the innumerable decisions of this and the Supreme Court. The court's ruling below, on the question involved, was in direct conflict with the many decisions hereinabove cited.

In my opinion, the court erred in overruling the application for rehearing.

