(126 So. 420)

## PATTERSON v. STATE.
### 7 Div. 583.

Court of Appeals of Alabama.
Feb. 18, 1930.

A. L. Crumpton and C. W. McKay, both of Ashland, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

**SAMFORD, J.**

■ The charge in this case was assault to murder. The plea was not guilty, which embraces the plea of self-defense. It will not be necessary to set' out the evidence or to comment on the conclusions to be drawn therefrom further than to say that the testimony for the state tended to prove a malicious assault, and that for the defendant tended to prove that he fired in self-defense. The evidence on every material inquiry was in sharp conflict, making each a question to be determined by the jury. So that in the beginning we may eliminate specific consideration of all charges calling for affirmative instructions.

■■ During the cross-examination of defendant while being examined as a witness the court permitted the state, over objections and exceptions seasonably made, to prove that some time after the difficulty, and about one and three-quarter miles from the scene, the defendant bought a pint of whisky from a negro and drank it. This testimony was brought out before the jury through a grilling cross-examination by state's counsel covering two pages of the transcript, the answers to questions being given with apparent reluctance by defendant, after his objections had been overruled by the court. The method and manner of the examination, and the embarrassment of the witness incident thereto in the presence of the jury, was of more real injury than the facts testified to. After the evidence was closed counsel for the state requested the court to exclude this evidence from the jury, which the court did in the following language:

"The court: Gentlemen, that part of the testimony where it is shown that the defendant bought the whisky and drunk it after the shooting, and after he got away from the place of the shooting, that part is excluded and you are not to take that under consideration at all in your deliberation, that is not evidence in this case, that he got the liquor from a negro and drunk it after the shooting is not to be considered by you as evidence."

Thereupon defendant moved for a mistrial stating appropriate grounds. The entire examination of defendant on this question was illegal, irrelevant, and immaterial, and every ruling of the court requiring answers touching the buying of whisky from a negro and drinking it on the road or elsewhere, after the difficulty, and not a part of the res gestæ, was error to a reversal. Goodman v. State, 20 Ala. App. 392, 102 So. 486, and authorities there cited. Indeed counsel for the state recognized this to say the least, immediately after the closing of the testimony, and, seeking to avoid the manifest error and injury, moved for the exclusion of the evidence. This

430

method of conducting trials has been frequently criticized and condemned by this court and the Supreme Court, and while it is always with reluctance that such criticism is made, where it appears that the error is of such nature as that its only effect could be to prejudice the defendant before the jury, it is doubtful if the poison is ever extracted or the error so cured as not to seriously injure the defendant before the jury. The state's counsel should have known, if he did not, that the evidence was illegal at the time they were insisting upon its admission over the strenuous objection of defendant, and the court should have stopped it then. The ends of justice demand that we hold that. defendant's motion for a mistrial should have been granted. Booth v. State, 22 Ala. App. 508, 117 So. 492; Maryland Cas. Co. v. McCallum, 200 Ala. 154, 75 So. 902; Davis v. State, 18 Ala. App. 482, 93 So. 269; Watson v. Adams, 187 Ala. 490, 65 So. 528, Ann. Cas. 1916E, 565.

In his oral charge the court charged the jury: "In order for the Defendant to have the benefit of his plea of self-defense he must show you that * * * the defendant was free from fault in bringing on the difficulty." And further charged them: "The burden is on the Defendant that he was free from fault in bringing on the difficulty and he must show this together with the other elements constituted for self defense in order to get the benefit of his plea of self-defense." Before a defendant is entitled to an acquittal on his plea of self-defense he must be free from fault in bringing on the difficulty. But the burden of proof as to this does not rest on the defendant but on the State. 8 Michie's Digest, p. 235.

Neither defendant's refused charges A or B are authorized under section 3485 of the Code of 1923. That section leaves the question open to the jury, and we have no disposition to hold otherwise. These charges are misleading. Spelce v. State, 20 Ala. App. 412(32), 103 So. 694; Bodine v. State, 18 Ala. App. 514, 93 So. 264; Barker v. State, 126 Ala. 83, 28 So. 589; Maxwell v. State, 143 Ala. 57, 39 So. 382.

Refused charge D should have been given. It did not attempt to set out the ingredients of self-defense, but dealt alone with the question as to whether great bodily harm threatened is equal to life threatened so as to justify the use of force. Twitty v. State, 168 Ala. 59, 53 So. 308; Crumley v. State, 18 Ala. App. 105, 89 So. 847, and authorities there cited.

The clothes of the assaulted man, though gruesome and soaked in his blood, were properly admitted in evidence. They were on the assaulted party at the time he was shot, were punctured by the bullets from defendant's pistol. The Boyette Case, 215 Ala. 472, 110 So. 812, has been limited and explained by later decisions. Hyche v. State, 22 Ala. App. 176, 113 So. 644; Id., 217 Ala. 114, 114 So. 906; Moye v. State, 22 Ala. App. 456, 117 So. 153; Id., 217 Ala. 561, 117 So. 154.

For the errors pointed out the judgment is reversed, and the cause is remanded.

Reversed and remanded.