(136 So. 741)

## POUNCEY v. STATE.

### 4 Div. 763.

Court of Appeals of Alabama.
April 21, 1931.

Rehearing Denied May 19, 1931.

Sollie & Sollie and C. O. Stokes, all of Ozark, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Thos. S. Lawson, Asst. Atty. Gen., for the State.

### BRICKEN, P. J.

It is disclosed by the undisputed evidence in this case that this appellant, Jesse Pouncey, killed Love Nevels, a woman, by shooting her with a pistol. For this act, he was indicted and charged with the offense of murder in the second degree. Upon arraignment, the defendant pleaded "not guilty." He relied upon self-defense.

The evidence discloses that the deceased was a single woman, and was the mother of several small children. It was also shown without dispute that for several years illicit relations had existed between the deceased and defendant, and there was evidence tending to show that the defendant was the father of some of these children. The killing complained of occurred on Saturday about midnight at or near the store of the defendant, and in the month of February. The wounded woman was carried to a hospital and died as a result of these wounds on the following Tuesday. The evidence for the state tended to show that the killing of this woman by her paramour was an unprovoked, cruel, unlawful, and uncalled for killing. That for the defendant tended to show that he shot her in defense of his own life. The record before us is voluminous, consisting of 137 pages of transcript paper. In addition to the exhaustive oral charge of the court, about 100 special written charges were requested, and of these about 87 were refused. Pending the trial, more than 100 exceptions were reserved to the court's rulings on the admission of testimony.

The three exceptions to certain portions of the oral charge were not well taken. The excerpts complained of when taken and considered in connection with the entire oral charge, which must be done, are free from error. But if this were not true, the exceptions were rendered innocuous as a result of the verdict of the jury, wherein the accused was found guilty of manslaughter in the first degree, and not of murder in the second degree. No possible injury inured to the defendant's substantial rights in this connection.

We shall not deal separately with the 87 refused charges. The points of decision involved have had our attentive and careful consideration. While many of the refused charges contain proper and pertinent propositions of law, by reference to the excellent oral charge of the court, and the given charges, we find that every charge refused to defendant, not objectionable, was substantially and fairly given to the jury in the court's oral charge, or in charges given at the request of defendant. The refusal of a charge, though a correct statement of the law, shall not be cause for a reversal on appeal if it appears (as here) that the same rule of law was substantially and fairly given to the jury in the court's general charge, or in charges given at the request of parties. Section 9509, Code 1923. In other words, the trial court will not be put in error for refusing to repeat to the jury the same rule and principle of law in a written charge which has been clearly expressed to them in the general oral charge, and in charges already given. Vann v. State, 207 Ala. 152, 92 So. 182.

In elaborate brief of appellant's counsel, the rulings of the court upon the admission of evidence, and to which exceptions were reserved, are designated numerically, and number from 1 to 33, inclusive. Some of these insistences are so patently without merit, and others of insufficient import, to merit discussion.

There was no semblance of error in the action of the court in overruling defendant's motion to exclude the statement by James Nevels, wherein he testified that his mother (deceased) said: "Yonder he comes out yonder," speaking of the defendant who was at the time approaching the automobile in which she and her children had just arrived at the store where the fatal shooting occurred, and almost immediately before the shooting. This testimony was of but slight, if any, importance, and could not have injured the substantial rights of defendant from any view point. Moreover, it was of the res gestæ. The evidence without dispute disclosed that the defendant was close to and approaching the car at the time she made the statement, and that the "row" or difficulty started immediately thereafter.

What happened at the home of John Anderson some hours before the deceased went to the place of the killing, as to the deceased trying to get food for her children, was irrelevant, immaterial, and incompetent, even on cross-examination. The court, therefore properly sustained the state's objection to the question, "Did your mother try to obtain food for them at Mr. Anderson's?" The matter inquired about was no part of the res gestæ. Moreover, it was largely within the discretion of the court. In Allsup v. State, 15 Ala. App. 121, 72 So. 599, 600, this court said: "The scope of the cross-examination of witnesses as to irrelevant matters to test

the accuracy of their testimony or show bias is a matter largely within the enlightened discretion of the trial court, and will not be interfered with unless abused."

■ Appellant complains of the action of the court in sustaining objection by the state to the question propounded by defendant to state witness James Nevels, to wit: "Well if she was not but a foot from the car when she got out why would she be taking one or two steps before she got to the car." The objection was properly sustained for several reasons. It also was but a mere argument with the witness, which is never permissible.

■ Proposition four, on the evidence, is also without merit. The question asked was also an argument with the witness, and called for a mere repetition of testimony already given by the witness. The court was under no duty to state to defendant the grounds upon which the ruling was based.

Propositions on rulings on evidence 5 and 6 are so clearly without merit they need not be discussed.

■ The exceptions reserved to the court's rulings as to the admission of dying declarations cannot be sustained. The predicates testified to by the numerous witnesses who gave evidence as to dying declarations were full and complete and met every requirement. In each instance, they were ample to justify the court in admitting in evidence the testimony relating to the dying declaration of deceased. The admissibility of dying declarations was a question for the court and not for the jury.

■ The bias or prejudice of an adverse witness is always the subject of proper inquiry, but not in the manner attempted by defendant in this case in the examination of Mrs. Virgie Anderson. The defendant made no inquiry of this witness as to her state of feelings, bias, etc., but by innuendos and resort to foreign and irrelevant matters undertook to show bias, etc. The court properly disallowed this character of cross-examination, and in this connection did not abuse the discretion with which the court is vested.

There are numerous other insistences of error presented by exceptions reserved to the rulings of the court on the admission of evidence. To each of these questions we have given attentive and careful consideration, but find no prejudicial error in any ruling of the court thus complained of. The questions involve elementary propositions of law. No good purpose could be subserved by a detailed discussion in this connection. We are convinced that throughout the entire proceedings in the court below this appellant was accorded a fair and impartial trial, and that no adverse ruling of the court tended in any manner to prejudice his substantial rights.

Finding no reversible error, the judgment of conviction, from which this appeal was taken, is affirmed.

Affirmed.