142 So. 120

## MICKLE v. STATE.

5 Div. 882.

Court of Appeals of Alabama.

May 10, 1932.

Rehearing Denied May 24, 1932.

D. T. Ware, of Roanoke, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

· RICE, J.

Prosecutrix' testimony to the effect that she was ravished, twice, consecutively, within the space of about an hour and a half or two hours, by appellant, at her home, in the nighttime, on the floor of her dining room, after she had gotten up from her bed, where she had been asleep for some one hour and a half to two hours, put on her "coat" over her nightclothes, gone to the outside door in answer to appellant's knock thereon, and suffered appellant to force his way into the house, was denied, other than by adverse inferences growing out thereof, by appellant, to the extent that he denied being present at her house upon the occasion in question, at all. None of prosecutrix' four children, ages 12, 10, 8, and 4 years, respectively, who were sleeping in the room with her, when she arose and went to the said dining room, were awakened during the tragedy; prosecutrix stating that she made no outcry—though neither slugged, gagged, nor choked—and threatened, she says, only to the extent that appellant told her "it would not be good for me (her) if I (she) hollered," both before he had intercourse with her the first time, and several times while he was holding her down on the floor.

Appellant, as stated, pleaded an alibi. He did not controvert, nor undertake to deny, the fact that prosecutrix was raped, the number of times, and in the manner, she claimed.

In this situation the state was allowed, over appellant's timely objection, to introduce in evidence the "slips"—we are not certain whether singular or plural, prosecutrix referring to same in this manner, "I had on a slip at the time and have them with me now" —alleged to have been worn by prosecutrix at the time her person is claimed to have been violated as referred to hereinabove. Her reason for wearing this particular item of attire—whether singular or plural matters not —at this hour of the night, is not made to appear, if, indeed, it is material.

While the facts in other cases have been differentiated from those therein, and sometimes in a way to lead individual judges to feel that the holding thereof has been limited, in the respect presently to be noted, yet we are of the opinion that the law upon the instant subject as laid down by the Supreme Court in the opinion in the case of Boyette v. State, 215 Ala. 472, 110 So. 812, has not been, to date, modified. It is: "The clothes worn by the deceased [the prosecutrix,—we interpolate—for we think the principle the same] should never be offered in evidence unless they 'have some tendency to shed light upon some material inquiry.'" And see Hyche v. State, 22 Ala. App. 176, 113 So. 644; Id., 217 Ala. 114, 114 So. 906; and Patterson v. State, 23 Ala. App. 428, 126 So. 420.

Measured by the rule quoted from the Boyette Case, supra, it occurs to us, and we hold, that the admission in evidence of the article(s) of clothing, referred to, was prejudicial error.

Other questions apparent will not likely arise, at least in their present form, upon another trial. They will not be treated.

For the error pointed out the judgment is reversed and the cause remanded.

Reversed and remanded.