178 So. 248

**PIERCE v. STATE.**

**6 Div. 232.**

Court of Appeals of Alabama.

Dec. 14, 1937.

Rehearing Denied Jan. 11, 1938.

J. T. Johnson, of Oneonta, for appellant.

A. A. Carmichael, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The evidence in this case on the part of the State tends to prove the corpus delicti, and in making out its case the State was allowed, over the objections and exceptions of the defendant, to identify and introduce, in evidence, the clothes worn by the party assaulted at the time of the difficulty, which clothes showed the rents made by the knife of defendant during the fight. These clothes were shown to have been worn by the party assaulted at the time of the difficulty, and were covered with blood, and were in the same condition as when taken from the body of the assaulted party after the fight.

We are cited to the case of Boyette v. State, 215 Ala. 472, 110 So. 812, as authority supporting the contention that the admission of these blood soaked clothes, admitted in evidence, was error to a reversal.

The Boyette Case, supra, has been several times considered by this court and the Supreme Court, and differentiated from the cases in which the evidence discloses a condition of the clothes introduced in cases where the severity of the attack, or the location of the wounds on the party assaulted, would be indicated by bullet holes or knife cuts, notwithstanding the gruesomeness of such evidence. The last of this line of cases seems to be: Morris v. State, 25 Ala.App. 175, 142 So. 685, to which may be added Hyche v. State, 22 Ala.App. 176, 113 So. 644; Id. 217 Ala. 114, 114 So. 906; Moye v. State, 22 Ala. App. 456, 117 So. 153; Id., 217 Ala. 561, 117 So. 154.

In the Boyette Case, supra, Bricken, Presiding Judge for this court, was at some pain in pointing out the differentiation between the Boyette Case, supra, and that other line of cases supporting the holding in Moye v. State, supra. We adopt here the opinion in the Hyche Case, supra, as being sufficient answer to appellant's contention.

There were numerous objections and exceptions to the introduction of evidence. We have examined these exceptions, and in no ruling of the court thereon do we find reversible error. The difficulty between the injured party and the defendant grew out of a difference arising in a poker game down in the woods, about 40 yards from where the actual difficulty took place. There was no effort made to go into the details of the poker game, but the fact that such a game was played, and that the bickering between the parties relating to what took place in the game, was relevant as tending to prove who it was that brought on the difficulty.

The excerpt from the court's oral charge, to which exception was reserved, when taken and considered with the whole charge, asserts a correct proposition of law. It is acclaimed that suddenly aroused passion and malice may coexist at the time of an assault. If there was malice, either directly proven or to be inferred, the crime would be felonious. If the assault was caused by a blow, which suddenly aroused the passion, without malice, the assault would not be felonious.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.