178 So. 462

## SHANKS v. STATE.

### 3 Div. 793.

Court of Appeals of Alabama.

Jan. 18, 1938.

Flournoy Lovelace, of Brewton, for appellant.

A. H. Carmichael, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant admitted that he shot with a pistol, and killed, one Dozier King; but he claimed that he shot in self-defense, as that term is defined by the law.

He was put on trial under an indictment charging him with the offense of murder in the second degree; was convicted by the jury of the offense of manslaughter in the first degree, and his punishment fixed at imprisonment in the penitentiary for the term of five years.

There seems very little that needs to be said by us. The entire proceedings, as is usual in the circuit from which the appeal comes, appear to have been conducted carefully and correctly.

The only question apparent which, in our opinion, even merits mention, arises out of the action of the trial court in admitting into the evidence over appellant's timely objection—due exception, of course, being reserved to the ruling—portions of the clothing worn by the deceased at the time of the fatal rencountre. But we think no error is shown.

It is now well settled that if such clothing has a tendency, as here, to shed light upon any disputed issue—arising, say, out of conflicting testimony as to the location of the wounds upon the body of the deceased, or as to their severity, or as to the direction in which deceased or appellant was moving at the time of the infliction of the said wounds—it is always properly admitted in evidence. See Pierce v. State, Ala.App., 178 So. 248,[1] where the authorities are collected.

Appellant, having been convicted of the offense of manslaughter, and thereby acquitted of the offense of murder, is, of course, in no position to complain of the giving or refusal of written charges having to do solely with the offense of murder.

We observe nowhere any ruling or action infected with error prejudicial to appellant; and the judgment is affirmed.

Affirmed.

