75 So.2d 489

**Ben WOOD**

v.

**STATE.**

3 Div. 973.

Court of Appeals of Alabama.

June 22, 1954.

Rehearing Denied Aug. 31, 1954.

Jones & Nix, Evergreen, for appellant.

Si Garrett, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

The appellant, Ben Wood, was indicted and convicted for the offense of assault with intent to murder.

The assault occurred on a school bus which at the time was occupied by several men who apparently were using the vehicle for pleasure or personal purposes.

According to the State's evidence the injured person, John Andrews, got up from his seat, and, as he was proceeding toward the front door to disembark, the appellant shot him in the back with a pistol. The injury was serious and resulted in complete paralysis from the waist down.

The defendant claimed that the shooting was accidental. He testified that two occupants of the bus became involved in a scuffle or fight, and, in his effort to stop the affray, his pistol, which was still in his pocket, was accidentally discharged and the injury resulted.

■ We have, therefore, an irreconcilable conflict in the evidence, which clearly justified the action of the court in refusing the general affirmative charge.

■ Insistence is made that the verdict was contrary to the great weight of the evidence. There is no merit in this position. In fact, the preponderance of the proof was decidedly against the claim that the shooting was accidental.

Over appellant's objections the court permitted a witness to testify that just prior to the shooting the defendant said: "You'll do, you'll do, and you'll do, that thing there won't do." The last description was directed at John Andrews.

■ It appears that the statement was so near the time of the shooting as to be a part of the res gestae. The trial judge apparently entertained this view and the record fails to disclose a situation to the contrary. Page v. State, 17 Ala.App. 70, 81 So. 848; Patty v. State, 242 Ala. 304, 6 So.2d 399; Brown v. State, 249 Ala. 5, 31 So.2d 681; Pouncey v. State, 24 Ala.App. 326, 136 So. 741; Swinney v. State, 225 Ala. 273, 142 So. 562; Carlisle v. State, 36 Ala.App. 241, 58 So.2d 638.

We see no reason why the statement was not admissible also to show ill will.

During the cross-examination of a State's witness the solicitor stated:

"If the Court please, I don't—just a minute now, let me raise my objection. Mr. Jones is pointing out something on the diagram that is just a conversation between him and the witness. This is of no benefit whatsoever to this jury and we object on the grounds that it is of absolutely of no benefit to the jury, the testimony in question."

The court sustained the objection. We do not have the diagram before us. Apparently it was a drawing of the inside of the bus on which the parties were riding at the time of the shooting.

■ In the state of the record we should not conclude that the court was in error in his ruling.

The defendant introduced as a witness the person from whom he bought the pistol in question. The witness was asked: "And why did you sell it to him?" The court sustained the solicitor's objection, but permitted an answer to the next question: "Did you sell it to him because it did go off?"

The reply was: "Well, in a way I did. He come to me and he wanted the gun. Well, I had got scared of it and I had quit fooling with it a'tall, just in my trunk suit case."

■ Clearly the appellant was not harmed by the court's ruling in the first instance. Borden & Co. v. Vinegar Bend Lbr. Co., 7 Ala.App. 335, 62 So. 245; Woodard v. State, 253 Ala. 259, 44 So.2d 241.

■ On cross-examination the prosecuting officer asked this witness if he was not down there testifying for a friend. The court did not abuse his discretion in overruling objections to this question. Broadway v. State, 35 Ala.App. 86, 45

So.2d 480; Smith v. State, 15 Ala.App. 7, 72 So. 593.

This aside, the answer was not harmful to appellant. It was: "He just asked me about the gun."

 The solicitor asked one of the appellant's witnesses if he was not a surety on the defendant's bond. The objection came after the affirmative answer to the question. Woodard v. State, supra.

On cross-examination the defendant was questioned with reference to holes which he claimed the pistol bullets made in his trousers. After the court overruled the objections no answer was made. Tucker v. State, 36 Ala.App. 311, 55 So.2d 365; Woodard v. State, supra.

It appears that the sheriff of the county examined the school but soon after the shooting. Over objections he was permitted to state that he found a bullet hole under the right-hand windshield.

We think that the proximity of the examination to the time of the assault justified the court's ruling. Even so, the defendant testified that his pistol fired at least twice. The location of the bullet hole did not conflict in any way with his testimony. It therefore related to an undisputed fact. Wilson v. State, 31 Ala.App. 21, 11 So.2d 563; Stallings v. State, 249 Ala. 1, 32 So.2d 233.

We have responded to each question presented for our review.

The judgment below is ordered affirmed.

Affirmed.

## On Rehearing.

On application for rehearing the accuracy of our original opinion is questioned in two aspects.

We stated that the injured party was shot in the back. Some of the State's witnesses testified to this effect. The attending physician testified that the point of entrance was on the left side *in the back* and the bullet is. "lodged now under the right arm." We do not think that our original statement is inaccurate according to the record.

The insistence is made that we were in error in concluding that the statement made by the appellant set out in our original opinion was a part of the res gestae. There is some confusion in the record, but it does appear that when the question of its admissibility arose the court inquired, "When was that supposed to have happened." The solicitor replied, "Just prior to the shooting, your Honor."

As a matter of fact, the objector took the position that the statement was not a threat. He did not claim by the objection that it was not a part of the res gestae.

The application for rehearing is overruled.