PER CURIAM.
The appellant, James Lee Bone, was indicted on a charge of first degree murder, convicted of first degree manslaughter, and sentenced to ten years in the penitentiary.
There is no conflict in the testimony and evidence that on the 17th day of February, 1975 appellant shot one Joe Cecil Betton and as a result thereof Betton died.
At the trial in the lower court the State presented evidence of three witnesses sufficient to sustain a conviction of manslaughter in the first degree. The appellant presented evidence of four witnesses, including himself, sufficient to sustain self defense.
The appellant was represented by counsel at all stages of this proceeding in the trial court, and is now represented by counsel. This appeal was submitted to this Court on briefs. In appellant’s brief he com plains of one adverse ruling by the trial court to reverse his conviction.
One Ernest Jackson, an uncle of the deceased, and a witness called by the State, was the first eye witness to testify at the beginning of the trial. The trial court allowed unlimited cross-examination, and recross-examination, by appellant, and no mention of a Voo Doo man, or Snake Doctor, or a discussion of witness’ testimony with other witnesses was made, except that witness Jackson had made a statement to the sheriff.
One Henry James Bones, an uncle of appellant, was the second eye witness called by the State. The trial court allowed unlimited cross-examination by appellant, and no mention of a Voo Doo man, Snake Doctor, or a discussion of witness’ testimony with other witnesses was made. After the appellant had rested his defense, the State called Henry James Bones as a rebuttal witness. At this time there was no rebuttal evidence offered by the State about a Voo Doo man, Snake Doctor, or a discussion of witness’ testimony with other witnesses.
During recross-examination of rebuttal witness, Henry James Bones, by appellant, we find:
“Q. Mr. Bones, have you discussed this case with Mr. Jackson?
A. No, sir, I haven’t.
Q. Never have?
A. Sure haven’t.
Q. Did you discuss it with Mr. Bobby Powell before his disappearance?
A. No, sir, he disappeared, and I didn’t even know he was gone.
*239 Q. Did you discuss it with this lady here?
A. No, sir.
Q. Mr. Bones, do you know anything about voo doo ?
BY MR. BRYAN: Your Honor, now, we object to that.
BY THE COURT: Sustained.
BY MR. CHESTNUT: May we approach the bench, Your Honor?
BY THE COURT: Yes.
(Thereupon, the District
(Attorney, the County
(Solicitor, Attorney’s
(for the Defendant and
(the Court Reporter
(approached the bench,
(and the following
(proceedings were held
(outside of the hearing
(of the Jury, and the
(proceedings were had as
(follows:
BY MR. CHESTNUT: Your Honor, we have information that Mr. Jackson and these other people have carried him to some snake doctor ?
BY THE COURT: Mr. Chestnut, I don’t think this is admissible.
BY MR. CHESTNUT: We are trying to impeach the credibility of his testimony.
BY THE COURT: No, sir.
BY MR. CHESTNUT: May we object on the grounds that we have information and we offer to prove that this witness, in the company of other witnesses for the prosecution, have visited with some voo doo man or snake doctor, and at that time and at that place his testimony was discussed and what he should say and should not say.
BY THE COURT: Overruled.
BY MR. CHESTNUT: Alright.
(Thereupon, the District
(Attorney, the County
(Solicitor, Attorney’s
(for the Defendant and
(the Court Reporter
(returned to their
(respective places and
(the following proceedings
(were held within the
(hearing of the Jury, and
(proceedings were had as
(follows:”
In Pouncey v. State, 24 Ala.App. 326, 136 So. 741, certiorari denied, 223 Ala. 431, 136 So. 743, this Court quoted, with approval, from Allsup v. State,- 15 Ala.App. 121, 72 So. 599, at page 600.
“The scope of the cross-examination of witnesses as to irrelevant matters to test the accuracy of their testimony or show bias is a matter largely within the enlightened discretion of the trial court, and will not be interfered with unless abused.”
This rule is again stated in the case of Benefield v. State, 44 Ala.App. 339, 208 So. 2d 449. In the case of Thomas F. Nelson et al. v. James W. Johnson, 264 Ala. 422, 88 So.2d 358, the Supreme Court of Alabama said:
“The extent of cross-examination on irrelevant facts, for the purpose of testing bias or credibility of the witness’ testimony is a matter resting largely in the discretion of the trial court, and his ruling will not be disturbed unless it appears that he has abused his discretion to the prejudice of the complaining party.”
In American Jurisprudence, Vol. 58, at page 315, it is stated:
“Section 563. Recross-examination.— It is proper to limit the recross-examination of a witness who has been examined *240 and fully cross-examined, and subsequently recalled and re-examined in chief, to the matters testified to by the witness upon such re-examination. And it is not reversible error to refuse to permit questions to be put to a witness on recross-examination, where no excuse is given why they were not asked upon the cross-examination, where the witness has been finished with once and recalled, and the party offering him has finished with him.”
The trial court having allowed unlimited cross-examination by the appellant of witness Henry James Bones, did not, in our judgment, abuse its discretion, to the prejudice of the appellant, in sustaining the State’s objection to the question, “Mr. Bones, do you know anything about Voo Doo?”
There being no other rulings of the trial court complained of in appellant’s brief we have examined carefully the entire record, including:
(a) The Circuit Clerk’s certificate;
(b) The Court Reporter’s certificate;
(c) Statement of the organization of the court;
(d) The indictment;
(e) The judgment entry; and
(f) The evidence and the actions of the trial judge.
We find from such examination that there is no error in the record prejudicial to the appellant.
The foregoing opinion was prepared by the Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of Section 6.10 of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
Affirmed.
All the Judges concur.