# McGuffin v. The State.

## Murder.

(Decided June 29, 1912. 59 South. 635.)

1. *Evidence; Demonstrative Evidence.*—Where a pistol is identified as the pistol the accused had in his possession, or one identical with it, it is properly admitted in evidence.

2. *Witnesses; Cross Examination.*—Where it appeared that defendant was intoxicated at the time of the homicide, it was competent on the cross-examination of him to ask where he got his rifle in order to test the accuracy of his testimony that he was too drunk to remember anything.

3. *Homicide; Malice; What is.*—Malice in law does not necessarily mean hate or ill-will, but is descriptive of that mental condition which prompts the willful doing of an unlawful act; hence, in a prosecution for killing an officer, a charge asserting that if defendant, being subject to arrest, merely killed the officer to escape the arrest, the killing is malicious, is proper.

4. *Same; Instructions; Deliberation.*—It is not error for a court to state facts in another case to illustrate that no particular time is required for premeditation or deliberation.

5. *Same.*—A charge asserting that whether or not it was right for the officer to go to defendant's house while he was in an intoxicated condition, was immaterial, but that it could have no bearing on the question of defendant's liability for subsequently killing the officer, was not improper as a charge on the weight of the evidence.

6. *Same; Defenses; Intoxication.*—Where it is shown that the defendant was intoxicated when he killed the officer, the fact that the officer had been at his house half an hour before the killing, which might have aroused defendant to anger, was no defense, as it did not affect his ability to be conscious of his act.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

William McGuffin was convicted of murder in the second degree, and he appeals. Affirmed.

The oral charge of the court, objected to, was as follows: "(1) If a man is subject to arrest—done something for which officers of the law have a right to arrest him—and he should take the life of another intentionally, in order to avoid arrest, that might be his sole

motive. He might not have the slightest feeling of anger or ill will towards the officer who undertook to arrest him; but, either through fear of the consequences, or desire not to be arrested, he kills the person who undertakes to arrest him lawfully, and that is his sole motive in law, that would be malicious, notwithstanding the total absence of ill will towards the person whom he killed."

(2) Here the court stated the facts in the *Daughdrill Case* as an illustration of the fact that no particular time is required for the deliberation and premeditation that are elements of murder in the first degree, concluding with the statement that he was sentenced to be hung, and was hung.

(3) "Now, there is a good deal of testimony in this case as to what occurred before and what occurred afterwards; and I believe some criticism was indulged by some of the counsel upon some of the police going to the house of the defendant when the defendant was in a drunken condition at his house, as they claim. Whether or not that was wrong for the police to go out there cannot be considered in any way as bearing on the guilt or innocence of this defendant at the time he shot Cunningham. It is not improper for me to say that I see no impropriety in the police officers of a city going to a man's house, and if he is sitting in his house intoxicated on a Sunday afternoon, with a weapon in his hand; but, be that as it may, certainly that has no possible bearing on whether or not defendant should be excused for an act that he did a half hour afterwards."

O. M. ALEXANDER, and P. F. WHARTON, for appellant. The court erred in its oral charge.—*Armour v.*

*State,* 63 Ala. 171; *Churchill v. State,* 117 Ala. 126. At least it was not justified under sec. 5362, Code 1907.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The court could have read the entire *Daughdrill Case* to the jury without error.—*Halley v. State,* 75 Ala. 14. The oral charge of the court when construed as a whole was not erroneous.—*Lacey v. State,* 154 Ala. 65.

SIMPSON, J.—The appellant was convicted of the crime of murder in the second degree.

There was no error in allowing the introduction of the pistol, after the witness had stated that it was either the one which defendant had on him, or one just like it. In addition, the defendant himself afterwards identified the pistol as his.

There was no error in overruling the objection to the question to the defendant, when on the stand as a witness, on cross-examination, "Where did you get that Swiss rifle?" It was permissible to test the accuracy of the witness' statement that he was too drunk to remember anything.

There was no error in that part of the court's oral charge marked (1). "Malice, in law, does not necessarily mean hate or ill will, but is defined as any unlawful act willfully done, without just cause or legal excuse. It is that mental state or condition which prompts the doing of an unlawful act without legal justification or extenuation."—*Patterson v. State,* 156 Ala. 63, 67, 68, 47 South. 52, 54; *Boulden v. State,* 102 Ala. 80, 83, 86, 15 South. 341.

There was no error in that part of the oral charge marked (2), in which the court referred to and explained the *Daughdrill Case,* 113 Ala. 7, 21 South. 378. *Holley v. State,* 75 Ala. 14, 18.

There was no error in that part of the oral charge marked (3). As to what was the criticism indulged in by counsel, the record does not show; and we must presume that there was such criticism as to have called for the remarks of the court. It is not a charge on the effect of the evidence, but simply a statement of the undeniable proposition that there is no impropriety in a police officer's going to a man's house, even though the man should be sitting on his porch in a drunken condition, and that, at any rate, that fact could not furnish any justification for shooting the policeman at another place 30 minutes later.

Appellant contends that the presence of the policeman, and the anger ensuing, might have "accelerated the effects of the whisky on his mind and tended to disturb his mental equilibrium," and thus be proper matter for the jury to consider "in determining the mental state of the defendant 30 minutes later." This argument loses sight of the effect of drunkenness as a defense in homicide cases. The fact that a man, when drunk, is more easily made angry, or excited, does not furnish any defense; but the question is only whether his faculties have been so benumbed as to render him incapable of entertaining the intent necessary to constitute the crime. The fact that the policeman had been at his house a half hour before the commission of the crime could not affect his ability to be conscious of his acts.—*Chatham v. State,* 92 Ala. 47, 49, 9 South. 607; *Brown v. State,* 142 Ala. 289, 291, 296, 297, 38 South. 268; *Heinburg v. State,* 151 Ala. 27, 30, 43 South. 959.

The judgment of the court is affirmed.

Affirmed. All the Justices concur, except McClellan, J., not sitting.