[Redden v. The State.]

# Redden *v.* The State.

## *Murder.*

(Decided February 4, 1913. 60 South. 992.)

1. *Homicide; Evidence; Res Gestae.*—In a prosecution for homicide committed in an affray participated in by two other persons it is competent to show such other person's part in the affray at or about the time of the infliction of the fatal wound by defendant, and their position with reference to deceased, the same being part of the res gestae.

2. *Same; Former Difficulty.*—Where the affray in which the deceased was killed happened in front of the house wherein deceased had had a difficulty with another person shortly before, the details of such difficulty were not admissible, the persons charged with the homicide not having been shown to have been connected with the difficulty.

3. *Same; Malice.*—The definition of malice as an element of murder in the first degree as the intentional doing of a wrongful or unlawful act is improper as it pretermits legal justification, excuse or extenuation; under such definition every intentional and unlawful killing of a human being would be murder although the act was committed in the heat of passion excited by sufficient provocation.

4. *Appeal and Error; Curing Error.*—Where the court by explicit instructions to the jury told them not to consider or accord any influence to remarks made relative to statement by defendant's counsel as to proof of threats, any error in such previous remarks was cured.

APPEAL from Elmore Circuit Court.

Heard before Hon. W. W. PEARSON.

Bud Redden was convicted of murder in the second degree and he appeals. Reversed and remanded.

H. R. GOLSON, and J. M. HOLLEY, for appellant. The trial judge erred in his definition of malice.—*Cribbs v. State,* 86 Ala. 613; *Patterson v. State,* 146 Ala. 39; s. c. 156 Ala. 67; 5 Words & Phrases, 4298-4300. The remarks of the court relative to the proof of threats was error.—*Griffin v. State,* 90 Ala. 600; 127 Ala. 33.

3 CA

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. Acts of co-defendant were relevant to show conspiracy.—*Ex parte Bonner*, 100 Ala. 114; *Bonner v. State*, 107 Ala. 97. When a question has been answered, an objection to the answer comes too late.—*Billingsley v. State*, 96 Ala. 126; *Downey v. State*, 115 Ala. 108. Details of a former difficulty are not admissible, especially where defendant is not shown to have been connected with it. Counsel discuss charges refused, but without citation of authority.

WALKER, P. J.—A severance having been ordered, the appellant was tried separately on an indictment charging him and two other persons, Love Redden and John Godwin, with murder in the second degree.

There was evidence tending to show that the appellant killed the deceased in an affray in which the two other persons charged in the indictment participated. Evidence as to these other persons taking part against the deceased in the affray at about the time of the infliction of the fatal wound by the appellant, and as to their positions with reference to the deceased at that time, was descriptive of the occurrence under investigation—part of the res gestæ—and the court was not in error in overruling objections to the admission of that evidence.—*Blount v. State*, 49 Ala. 381. Besides, it seems that the admission of that testimony could not have been prejudicial to the appellant.

The affray in which the deceased was killed occurred in front of a house in which the deceased had had a difficulty with another person a short while before. Evidence as to the details or particulars of such former difficulty, with which the parties charged with the homicide were not shown to have been connected, was prop-

erly excluded.—*Jones v. State,* 116 Ala. 468, 23 South.
135; *Fonville v. State,* 91 Ala. 39, 8 South. 688.

We are of opinion that whatever ground of complaint
the defendant may have had because of the remark
made by the presiding judge on the occasion of the coun-
sel for the defendant announcing his purpose to prove
threats made by the deceased was removed by the care-
ful and explicit instructions of the court to the jury
not to consider or accord any influence to such remark.
—*Alabama Great So. Ry. Co. v. Frazier,* 93 Ala. 45, 9
South. 303, 30 Am. St. Rep. 28; Underhill on Criminal
Evidence, § 215.

The court in its oral charge to the jury, in the course
of its enumeration and explanation of the elements en-
tering into the offense of murder, made the following
statement: "Malice in law is the intentional doing of
a wrongful or unlawful act." The defendant duly ex-
cepted to that part of the charge. That definition of
the malice which is an essential ingredient of the offense
of murder is materially incorrect. Under that defini-
tion, every intentional and unlawful killing of a human
being would be murder, though the act was committed
in the heat of passion excited by sufficient provocation;
for the intent accompanying the voluntary killing of ·'
human being to be malicious within the meaning of the
law defining murder, there must be an absence of any
legal justification, excuse or extenuation. The intent
described in the statement excepted to may accompany
a homicide which does not rise above the grade of man-
slaughter.—*Patterson v. State,* 156 Ala. 62, 47 South.
52; *Cribbs v. State,* 86 Ala. 613, 6 South. 109. There
was a phase of the evidence in the case which would
have supported a finding that the defendant was guilty
of manslaughter in the first degree. As applicable to

such evidence, the statement under consideration was erroneous and prejudicial.

Reversed and remanded.