182 So.2d 901

George AMERSON

v.

STATE.

4 Div. 525.

Court of Appeals of Alabama.

Nov. 2, 1965.

On Denial of Rehearing Jan. 18, 1966.

W. H. Baldwin, Andalusia, for appellant.

Richmond M. Flowers, Atty. Gen., and W. Mark Anderson, III, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

The indictment charged murder in the first degree. Appellant was convicted of the offense of murder in the second degree. His punishment was fixed at imprisonment in the penitentiary for a term of twenty years.

Defendant, a Negro man, admitted he shot and killed Mattie Sanders, a young Negro girl, with a twelve gauge shotgun. The state's evidence was that the larger part of her skull was shot away. Defendant testified that he and one Celestine Duke were living together and the dead girl had lived with them since she was eleven years of age.

Defendant testified that on the morning in question he and Mattie were alone in the house. Before Celestine went to work she had asked him to talk to Mattie about her conduct, and he went in the room where the girl was to talk to her about the way she was conducting herself, running around from place to place, going with married men; that Mattie became angry and told him, "I ain't going to tell you a damn thing," and whirled on him with her hand in her bosom; that he jumped back and grabbed his gun, not to shoot her but to scare her off and to keep her from hurting him; that the safety was already off and there was no trigger guard and the gun just went off. He identified a knife that had been offered in evidence previously and said he knew Mattie owned the knife and that when she ran her hand in her bosom he thought she had this knife on her person. On a previous occasion when he tried to talk to her about her conduct she had hurt him with an ice pick. The gun was by the side of the bed next to the door to the hall when he picked it up. To this question, "q. And

you could have stepped out that door, couldn't you?" Defendant answered: "Yes, sir. Yes, sir, I could have stepped out."

The state introduced evidence that Mattie Sanders was pregnant, and also introduced evidence of statements made by defendant to the arresting officers to the effect that the girl had had one baby that died; that the defendant was the father of the first baby and there was a lot of fussing about whether the boy in Atmore was the father of the second baby or whether defendant was the father; that the girl had left home to stay with a Negro boy at Atmore and had come back and got some money out of defendant; that he had bought shoes and clothes for her; that the Negro boy came there on Saturday night and the next morning the girl told defendant she was going back to live with him; that defendant brought up the subject of the money he had given to her and she told him she was still going back; that defendant said if she couldn't stay with him she couldn't stay with anybody, and that he shot her.

The officers testified no knife was found at the scene of the killing.

The defendant denied telling the officers he had been going with Mattie for eleven years or that he had had sexual relations with her and gotten her pregnant. He stated he told the sheriff she went to Chicago and came back pregnant and he had to pay for it, and that he went along with it as if it were his but it wasn't his. He denied saying he shot her because she wanted $30.00. He said the $30.00 came in this way, that she went to the doctor after she came back and he spent $30.00 on her at the doctor's.

The trial court did not instruct the jury on the law of self defense. Appellant's counsel insists the trial court erred in refusing written charges 6, 8 and 12. These charges are based on the theory of self defense.

It is our opinion these charges were properly refused. The defendant's own tes-

timony shows he was at fault in bringing on the difficulty, and at the time he shot deceased he could have retreated without placing himself in danger. There was no evidence which would justify the giving of a charge on the law of self defense. The requested charges, if not otherwise faulty, were abstract as applied to the facts of this case. Gray v. State, (Ala.Sup.) 39 So. 621.

■ The evidence presented questions for the jury to determine and was sufficient to support the verdict. The requested affirmative charge was refused without error.

■ A knife which defendant and his witnesses testified belonged to deceased, but which was not shown to have been in her possession at the time of the killing, was offered in evidence. The court properly refused to permit its introduction. Bryant v. State, 252 Ala. 153, 39 So.2d 657.

■ In his statement to the jury in advance of taking testimony the solicitor remarked: "We expect the evidence to show that she was about sixteen years old and he had gotten her pregnant." Defense counsel objected on the ground that this was evidence of another offense, and moved for a mistrial. The court sustained the objection and instructed the jury to disregard the statement, but overruled the motion for a mistrial. We find no error in the court's action in this instance. Patterson v. State, 34 Ala.App. 359, 39 So.2d 709.

■ In his closing argument the solicitor stated:

"Think about how hard it is for the law enforcement officers to get out and work and all you hear is, Ah, they are shooting folks up in Covington County, cutting folks up in Covington County. They don't do nothing about it up there in court. ·You hear those remarks."

Defense counsel's objection to this statement was overruled. We are of opinion

this was permissible argument. Sanders v. State, 260 Ala. 323, 70 So.2d 802.

■ The solicitor also made the following statement in closing argument:

"Gentlemen, I ask you to give this Negro a life sentence in this case."

Defense counsel objected to this statement and moved for a mistrial because of the reference to defendant as a Negro. The court overruled the objection and denied the motion for a mistrial but instructed the jury as follows:

"Gentlemen, you are instructed to disregard that remark of the solicitor referring to the defendant as a Negro. * * * This defendant is entitled to a fair and impartial consideration at your hands and race does not enter into this case. * * * You try the defendant as you would any other defendant."

We find no error in the court's ruling in this instance. Davis v. State, 233 Ala. 202, 172 So. 344; Cosby v. State, 269 Ala. 501, 114 So.2d 250.

We find no reversible error in the record. The Judgment of the trial court is affirmed.

Affirmed.

## ON REHEARING

■ Counsel insists the statement in the opinion that defendant testified Mattie Sanders had lived with him and Celestine Duke since she was eleven years old is erroneous. We correct the opinion by quoting from the record. By the defendant:

"A. Well, Mr. Gantt asked me how long she had been with me. That's what I understood him to ask, and I told him she had been with me ever since eleven years.

"Q. You didn't tell him that you had been going with her since she was eleven years old?

"A. No, sir, I didn't tell him I didn't have no application with her no

eleven years. No, sir, I didn't tell him that. That's what I understood him to ask me, how long has she been with you? and I told him eleven years, but, of course, you know, not going with her."

It is further insisted that our statement that defendant's testimony showed he was at fault in bringing on the difficulty is not supported by the evidence. The argument in brief is as follows:

"The record shows that the defendant lived with Celestine Duke as husband and wife. That the dead girl had lived with Celestine since she was born and that Celestine and defendant had maintained a home for the dead girl since 1951. Celestine had asked the defendant to talk to the dead girl about the girl's personal misconduct. It is almost absurd to say that a parent, or a person occupying the position of a parent, cannot discuss a child's misconduct with the child, in the parent's own home, without being free from fault."

 We are still of the opinion that under his own testimony defendant was not entitled to invoke the doctrine of self defense, but assuming he was entitled to instructions as to the law of self defense, the requested charges here were refused without error.

Refused charge 6 is in the following language:

"6. I charge you, gentlemen of the jury, that if you believe from the evidence in this case that the defendant shot Mattie Sanders while acting under a bona fide belief that his life was in danger, and under the circumstances such belief was reasonable, it is immaterial whether or not there was such actual danger."

Said charge makes no reference to defendant's freedom from fault, and is otherwise faulty. Gipson v. State, 262 Ala. 229, 78 So.2d 293; Coleman v. State, 37 Ala.App. 406, 69 So.2d 481.

Requested charge 8 reads:

"8. The Court charges the jury that the law is, in case of self defense, that a party is not required to know the real facts but may act upon a reasonable and well founded appearance and apprehension, and when being without fault in bringing on the difficulty, a man acts on the facts as they reasonably appear to him and defends himself according to what he reasonably supposes the facts to be, he is justified even though in truth the facts as he reasonably supposed them to be did not exist."

This charge is confusing and misleading. It is so patently defective as to require no further comment.

Refused charge 12 is as follows:

"12. I charge you, gentlemen of the jury, that it is not necessary that the defendant should have been actually in danger of death or great bodily harm at the time he shot Mattie Sanders in order for him to be justified in shooting Mattie Sanders. He had the right to act on the appearance of things at the time, taken in the light of all the evidence, and he had the right to interpret the conduct of Mattie Sanders in the light of any threat that the evidence proved Mattie Sanders to have made against the defendant. If the circumstances attending the shooting were such as to justify a reasonable man in the belief that he was in danger of great bodily harm or death, and he honestly believed such to be the case, then he had the right to shoot Mattie Sanders in his own defense, although as a mat-

ter of fact he was not in actual danger, and, if the jury believed that the defendant acted under such conditions and circumstances as set out above, the burden of showing that he was not free from fault in bringing on the difficulty is on the state, and, if not shown, the jury should acquit the defendant."

This charge was properly refused for the reason, if for no other, that it was abstract. There was no evidence of any threat having been made by Mattie Sanders against defendant. White v. State, 20 Ala. App. 213, 101 So. 312.

Application overruled.