317 So.2d 357

**William N. LOWERY, alias**

v.

**STATE.**

**3 Div. 227.**

Court of Criminal Appeals of Alabama.

Oct. 1, 1974.

Rehearing Denied Oct. 29, 1974.

---

Frank W. Riggs, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and John D. Whetstone, Asst. Atty. Gen., for the State.

ALMON, Judge.

Appellant was convicted of murder in the second degree and sentenced to serve twenty years in the penitentiary.

There is no need to set out the facts of this case because of our conclusion that the judgment must be reversed because of the

trial court's oral charge to the jury. Suffice it to say the shooting occurred at a Montgomery night club. There was ample evidence to submit the question of appellant's guilt to the jury.

The court in its oral charge to the jury gave the following definition of malice:

> "Malice, in the common acceptation, malice means hatred or ill will toward another; but in law, malice means a wrongful act purposefully done and without just cause or legal excuse. Malice is an ingredient of murder. . . ."

 Contrary to the above definition, malice is not an act; malice in law is a state of mind. The definition given to the jury was misleading. First degree manslaughter under certain circumstances could consist of a "wrongful act purposefully done and without just cause of legal excuse." Some of the jurors could have found the facts to be sufficient to constitute a crime no greater than first degree manslaughter and, under the circumstances, would be compelled to return a verdict of murder under the preceding definition of malice given by the trial court. The foregoing definition of malice seems to be the only attempt by the court to explain the term, either in his oral charge or in any of the requested charges. The appellant's counsel duly excepted to the oral charge in this particular.

The case of *McGuffin v. State*, 178 Ala. 40, 59 So. 635, is distinguishable on this point. There, it was said:

> "There was no error in that part of the court's oral charge marked (1). 'Malice, in law, does not necessarily mean hate or ill will, but is defined as any unlawful act willfully done, without just cause or legal excuse. It is that mental state or condition which prompts the doing of an unlawful act without legal justification or extenuation." (Emphasis ours)

The underlined portion of the excerpt from *McGuffin* clarifies any ambiguity in defining "malice" as an act. It appears that this case is reversible for the erroneous definition of malice given by the trial judge.

Appellant further argues in brief that hospital records introduced at the trial were inadmissible under Tit. 7, § 383(1), Code of Alabama 1940, Recompiled 1958, because the records were mailed to the district attorney rather than to the circuit court clerk, and the further claim that some of the records were inadmissible as being illegible.

██ The obvious purpose of the statute in providing that the records be delivered to the clerk of the circuit court is to provide a uniform procedure. The statute providing for the mode of preparing, certifying, and of the delivery of the records is Tit. 7, § 383(2), Code, *supra*. Appellant's argument appears too hypertechnical in view of the stipulation that the assistant district attorney imediately redelivered the records to the circuit clerk upon his discovery that the envelope contained hospital records. The following stipulation appeared in the record:

> " 'The following is stipulated between counsel:
>
> " 'April 23, 1973.
>
> " 'TO: Richard Jordan
>
> " 'SUBJECT: Hospital records from University of Alabama Hospital in William Lowery—Parham case.
>
> " 'The above records were received by mail in the District Attorney's Office by me. I did not know what was in the large brown envelope at the time I signed for it. Upon opening the envelope, I saw that it was the above records; and I took them then to the Circuit Clerk's office and gave them to Polly Eubanks. The records were in my possession about

**514**

five minutes. I did not read or examine them, or in any other way disturb them.

"'/s/ K. W. Jones'"

We are of the opinion that a substantial compliance with the statute was made. There was nothing in the record to even suggest that the hospital records were less than authentic.

■■ It would appear that the hospital records were relevant to show the deceased was under constant medical attention for abdominal wounds during the time intervening the shooting and death. This tends to prove a causal nexus between the gunshot wounds and death. A word of caution here, however, upon a new trial. From a reading of the record it would appear that there was some misapprehension at the trial level that this statute authorizes, without qualification the carte blanche admission of all the hospital records. We note that § 383(1) begins by saying, "When the original would be admissible in any suit or proceeding in a court in the state . . . ;" and § 383(2) provides, "When so prepared and certified the copy of said hospital records shall be admissible in evidence in any court of the state, if and when admissible . . ."

It can therefore be seen that the statute merely provides a procedure by which copies of hospital records when properly certified may be introduced into evidence without the production of the original and without the custodian of these records being present to lay a predicate. If they are otherwise admissible we see no reason to place any construction on this statute in this regard other than has been placed upon Tit. 7, § 415, Code, *supra*. In other words, the test of relevancy still pertains as well as the opinion evidence rule and other applicable rules of evidence. *Stremming Veneer Co. v. Jacksonville Blow Pipe Co.*, 263 Ala. 491, 83 So.2d 224.

In view of our reversal on the oral charge, this Court has not seen fit to review the over three hundred pages of hospital records to determine whether some of the material was inadmissible and prejudicial. We merely point these matters out in view of a new trial.

For the error indicated, the judgment of conviction is reversed and the cause remanded for new trial.

Reversed and remanded.

All the Judges concur except CATES, P. J., not sitting.