317 So.2d 360

**In re William N. LOWERY, alias**

**v.**

**STATE of Alabama.**

**Ex parte STATE of Alabama ex rel. ATTORNEY GENERAL.**

**SC 1041.**

Supreme Court of Alabama.

March 6, 1975.

Rehearing Denied April 10, 1975.

J. Paul Lowery, Montgomery, for petitioner.

None for the State.

**348**

William J. Baxley, Atty. Gen., and Eric A. Bowen, Asst. Atty. Gen., for petitioner, the State.

Frank W. Riggs, Montgomery, for respondent.

BLOODWORTH, Justice.

The State's petition for writ of certiorari seeking to review and revise the decision and judgment of the Court of Criminal Appeals in *Lowery v. State of Alabama*, 54 Ala.App. ——, 317 So.2d 357, was granted on the ground that "a material question requiring decision is one of first impression in Alabama."

The Court of Criminal Appeals reversed and remanded defendant's conviction for murder in the second degree holding that the trial judge erred in charging the jury that:

"Malice, in the common acceptation, malice means hatred or ill will toward another; but in law, malice means a wrongful act purposefully done and without just cause or legal excuse. Malice is an ingredient of murder."

In its opinion, the Court of Criminal Appeals wrote:

"Contrary to the above definition, malice is not an act; malice in law is a state of mind. The definition given to the jury was misleading. First degree manslaughter under certain circumstances could consist of a 'wrongful act purposefully done and without just cause or legal excuse.' Some of the jurors could have found the facts to be sufficient to constitute a crime no greater than first degree manslaughter and, under the circumstances, would be compelled to return a verdict of murder under the preceding definition of malice given by the trial court. The foregoing definition of malice seems to be the only attempt by the court to explain the term, either in his oral charge or in any of the requested charges. The appellant's counsel duly excepted to the oral charge in this particular."

The trial judge's charge is almost identical to a charge found in the 1893 case of *Boulden v. State*, 102 Ala. 78, 15 So. 341, wherein this Court held that the following charge correctly defines "malice" in its legal sense and was properly given:

"(5) 'I charge you, gentlemen of the jury, that malice, in its common acceptation, means ill-will against a person, but in its legal sense means a wrongful act,

done intentionally, without just cause or excuse.' "

The only material distinction between the two charges is use of "purposefully" in the instant case and use of "intentionally" in *Boulden*. This is a distinction without a difference.

Two cases appear in *Shepard's Alabama Citations* as having cited or followed *Boulden*: *McGuffin v. State,* 178 Ala. 40, 59 So. 635 (1912) and *Patterson v. State,* 156 Ala. 62, 47 So. 52 (1909).

In *McGuffin*, this Court held there was no error in giving the following charge:

" * * * 'Malice, in law, does not necessarily mean hate or ill will, but is defined as any unlawful act willfully done, without just cause or legal excuse. It is that mental state or condition which prompts the doing of an unlawful act without legal justification or extenuation.' (Citations omitted.)"

*Patterson* and *Boulden* were cited as authority.

In *Patterson*, an almost identical charge was involved, viz.:

" * * * 'I charge you, gentlemen of the jury, that malice in law does not necessarily mean hate or ill will, but is defined as any unlawful act willfully done, without just cause or legal excuse. It is that mental state or condition which prompts the doing of an unlawful act without legal justification or extenuation.' "

In holding there was no error in giving this charge, Justice Denson wrote for the Court in *Patterson*:

" * * * When the case was here on a former appeal, this charge, with the exception of the last sentence, was presented for review; but the court, finding reversible errors in the record aside from a consideration of the charge, after suggesting that malice might be so defined on another trial as to exempt the definition from the criticism in the *Cribbs Case*

[*Cribbs v. State*], 86 Ala. 613, 6 So. 109, declined to decide whether or not, if the charge were the pivotal point, the judgment would be reversed thereon. The charge considered in the *Cribbs Case* was in this language: 'Malice, in law, does not necessarily mean hatred or ill will, but the intentional doing of an unlawful act.' It is manifest, as was said by the court in that case, that the definition of malice as there given would constitute every intentional and unlawful homicide malicious, though committed in heat of passion excited by sufficient provocation. And the court, in concluding the discussion, gave a definition of legal malice in this language: 'Malice, as an ingredient of murder, may be defined, in legal phrase, as the killing of a human being without legal justification, excuse, or extenuation.'

This brings out clearly the defect in the definition of malice that was under discussion there, and shows that it consisted in the fact that lack of excuse or extenuation was not hypothesized. In this view, we think the *Cribbs Case* is not only not condemnatory of the charge in judgment here, but it is an authority in support of its correctness. The charge is also fully and precisely supported by *Boulden's Case,* 102 Ala. 78, 86, 15 So. 341, and likewise finds support in *Stoball's Case* [*Stoball v. State*], 116 Ala. 454, 23 So. 162. See, also, authorities cited to the point in *Boulden's Case*. The court committed no error in giving the charge."

The *Cribbs* case, referred to in *Patterson, supra,* holds that the giving of an oral instruction by a court that "malice, in law, does not necessarily mean hatred or ill will, but the intentional doing of an unlawful act" is reversible error *unless* it contains the added phrase, "without legal justification, excuse, or extenuation." Had such phrase not been substantially covered in the instant charge, the latter would have been bad.

Thus, *Boulden* is direct authority for the proposition that the giving of a charge

identical in all material respects to that given in the present *is not reversible error*.

In both *McGuffin* and *Patterson*, there were almost identical charges with the additional clause, "It is that mental state or condition which prompts the doing of an unlawful act without legal justification or extenuation" which the Court of Criminal Appeals says clarifies the ambiguity in defining "malice" to be an act. No doubt this additional phrase makes for a better instruction although we are unwilling to hold that without it the giving of the instant charge constituted reversible error.

Moreover, charges of similar import have been held to be proper to give and to be sustained by authority in *Coates v. State,* 1 Ala.App. 35, 56 So. 6 (1911) where the charge was, inter alia,

"  *  *  * malice, as an ingredient of murder, does not necessarily mean hatred or ill will, but it is the unlawful and willful killing of a human being without any legal excuse or extenuation."

and in *Stoball v. State,* 116 Ala. 454, 23 So. 162 (1897) where the charge was, inter alia,

"  *  *  * 'Malice,' as the word is used in courts of law, signifies a wrongful act done intentionally, without legal justification or excuse. The word, as commonly used in the every day affairs of life, has, I believe, the meaning of personal hatred, or ill will. This is something more than its meaning here. *  *  *"

As the reason for its reversal, it is suggested by the Court of Criminal Appeals that "some of the jurors could have found the facts to be sufficient to constitute a crime no greater than first degree manslaughter and, under the circumstances, would be compelled to return a verdict of murder under the preceding definition of malice given by the trial court."

In view of the court's oral instructions on "malice" and on the various degrees of manslaughter and murder, particularly manslaughter in the first degree, this suggestion appears unfounded. The court instructed the jury, inter alia:

"Manslaughter in the first degree, as it's known and designated in the law, is this: it is the intentional and unlawful killing of a human being by another; and *is distinguished from murder by the absence of malice,* in manslaughter. *If the killing* of the deceased *was prompted by malice* on the part of the Defendant, *then the killing cannot be manslaughter,* but is murder. *Manslaughter is the unlawful killing of another without malice,* either expressed or implied—which may be either voluntary, or from the sudden heat of passion—or involuntary, but in the commission of an unlawful act. It simply means the voluntary and unlawful depriving of a human being of his life."

It must be concluded that if the trial judge, in his oral instruction on "malice" in the instant case, had left out the phrase "without just cause or legal excuse" (as in the *Cribbs* case) the Court of Criminal Appeals' rationale for reversal would be valid. This was the exact situation in *Redden v. State,* 7 Ala.App. 33, 60 So. 992 (1913) where the trial judge charged:

" 'Malice in law is the intentional doing of a wrongful or unlawful act.' "

In reversing the cause, the Court of Appeals held:

"  *  *  * That definition of the malice which is an essential ingredient of the offense of murder is materially incorrect. Under that definition, every intentional and unlawful killing of a human being would be murder, though the act was committed in the heat of passion excited by sufficient provocation; *for the intent accompanying the voluntary killing* of a human being *to be malicious within the meaning of* the law defining *murder, there must be an absence of any legal justification, excuse, or extenuation.* The intent described in the statement excepted to may accompany a homicide which does not rise above the grade of manslaughter. *Patterson v.*

*State,* 156 Ala. 62, 47 So. 52; *Cribbs v. State,* 86 Ala. 613, 6 So. 109. * * *" [Emphasis supplied.]

Motion of defendant to dismiss the petition for writ of certiorari is denied. The judgment of the Court of Criminal Appeals is reversed and remanded.

Motion denied. Reversed and remanded.

HEFLIN, C. J., and MERRILL, MADDOX, FAULKNER and SHORES, JJ., concur.

JONES, J., dissents.

ALMON and EMBRY, JJ., recuse themselves.

JONES, Justice (dissenting):

This Court has now decided—erroneously in my opinion—that malice, in its legal definition, means a wrongful act purposefully done and without just cause or legal excuse, rather than the intent or state of mind with which such wrongful act is committed. I respectfully dissent.

The fallacy of so defining malice is apparent in the following example: A defendant is charged with homicide. The state concedes that the element of premeditation necessary for first degree murder is lacking, but contends that the evidence is sufficient for a jury's finding of malice in support of a guilty verdict for second degree murder. The defendant says that he killed the victim in a heat of passion under such extenuating circumstances as would allow the jury to return a verdict for first degree manslaughter rather than second degree murder.

In other words, the triable issue for determination by the jury is whether the defendant is guilty of murder in the second degree or manslaughter in the first degree.

Continuing our example, the trial court instructs the jury as follows:

"Ladies and Gentlemen, I charge you that the legal distinction between second degree murder and first degree manslaughter is malice; that is, the element of malice is essential to the offense of second degree murder, while malice is not an essential element of first degree manslaughter. Unless you are satisfied beyond a reasonable doubt that the defendant maliciously took the life of the victim, as I will now define the term malice to you, you cannot find the defendant guilty of murder in the second degree. Malice, in the common acceptation, means hatred or ill will toward another; but in law, malice means a wrongful act purposefully done and without just cause or legal excuse."

For the purpose of appellate review, the hypothetical setting above is essentially the situation here before us.[1] Look again at the key words "malice means a wrongful act . . ." Do these words, in the trial court's definition of malice, provide the jury an intelligible definition as they seek to determine whether the defendant is guilty of second degree murder (for which a finding of malice is essential), or first degree manslaughter (where the element of malice is nonessential)?

Obviously, the question is self-answering. If malice is the wrongful act, then there is nothing left for the jury's determination. The homicide, here admitted by the defendant, is a wrongful act and, thus of itself (according to this definition), constitutes the element of malice. The definition, "malice is a wrongful act," does not leave to the jury the determination that malice may be inferred from the doing of a wrongful act, but instructs them definitively that malice *is* a wrongful act. Therefore, the Court's definition of malice is the equivalent of a directed verdict of

---

1. The first two sentences of the trial court's jury instructions in our hypothetical situation constitute a reasonable summary of the charge given in the instant case before us, and the last sentence is an exact quote from the instant case.

conviction for murder in the second degree.

Add, now, the words "purposefully done" so that we are looking at the phrase "malice means a wrongful act purposefully done." Do these last two words in any way change or modify our analysis of the definition thus far? The answer must be, "No"; and this for the reason that "purposefully done" describes equally the two possible jury verdicts. No qualifying or distinguishing feature as between second degree murder and first degree manslaughter is denoted by the addition of these two words. "Purposefully done" only adds the element of intent which is an essential element of both offenses.

Now, to complete the definition, add the remaining words, "and without just cause or legal excuse," so that the full language reads, "malice means a wrongful act purposefully done and without just cause or legal excuse." Again, we ask, do these concluding words serve in any way to qualify or render less valid our initial analysis of the trial court's definition of malice? And, again, we must answer, "They do not." "Without just cause or legal excuse" are terms equally applicable to second degree murder and first degree manslaughter. This can be forcibly demonstrated by reverting the phrase from the negative to the positive and observing that one who commits a homicide *with* just cause or legal excuse would be guilty of neither offense.

All that I am trying to say was said long ago, and said better, by Justice Clopton in *Cribbs v. State,* 86 Ala. 613, 6 So. 109 (1888);

"In *Hadley v. State,* 55 Ala. 31, [malice] is thus defined: 'Malice, as an ingredient of murder, is but a formed design by a sane mind, to take life unlawfully, without such impending danger to be averted thereby as will render it excusable, and without such provocation as will repel the imputation of formed design.' Manslaughter in the first degree, which

is the voluntary depriving a human being of life, is unlawful. The characteristic which distinguishes it from murder, is the absence of malice. Though the taking of life under provocation is neither justifiable nor excusable, is intentional and unlawful, yet the provocation may be so great, and calculated to exasperate as to deprive the homicide of its malicious character. The definition of malice, as given in the charge, would constitute every intentional and unlawful homicide malicious, though committed in heat of passion, excited by sufficient provocation."

After stating the foregoing definition of malice in the context of the alternative verdicts of murder and manslaughter, the Court then concluded:

"Malice, as an ingredient of murder may be defined, in legal phrase, as the killing of a human being without legal justification, excuse, or extenuation."

The majority opinion takes this last quoted sentence from *Cribbs* as authority for affirming the correctness of the definition of malice given in this case. The fallacy here is twofold:

1) This concluding sentence of the Court's definition of malice is legalistic in form and inappropriate for a jury instruction, and

2) it includes the term "extenuation," which appropriately distinguishes malice from manslaughter and which is altogether missing from the charge in this case. Stated another way, legal justification or excuse are complete defenses to both murder in the second degree and manslaughter in the first degree; but extenuation would serve only to reduce murder in the second degree to manslaughter in the first degree.

There is an old retort by one advocate to another which admonishes, "Strive mightily for what you believe is right, but at least consider the possibility that you may

be wrong." Mindful of this admonition (compounded by a 6 to 1 vote), I must nevertheless express my personal view that the jury instruction approved by the Court in this case degrades English grammar and fails to furnish the jury a clear definition of malice.