The appellant was indicted and convicted of robbing Kevin Webb of $67.54. The jury set punishment at ten years with a recommendation for probation. Judgment and sentence were entered accordingly with probation being denied.
It is undisputed that around 2:00 A.M. on December 6, 1975, one John Meyer entered the Zippy Mart on Forbes Road in Montgomery, Alabama. About five minutes later, the appellant entered the store carrying a .22 caliber rifle. The evidence presented by the state tended to show that the appellant told Kevin Webb, a store employee, that "this was a holdup and to get behind the counter and open the cash register". After Mr. Webb placed the money in a paper bag, the appellant told him to leave the store. Mr. Webb saw Meyer and the appellant drive away together and telephoned the police giving them a description of the robbers and the get-away car.
As a result of this description, the appellant and Meyer were apprehended about two miles from the Zippy Mart. An unloaded .22 caliber rifle was found on the front seat of the automobile the appellant and Meyer were in. A .22 cartridge was found on the floor of the car on the passenger's side where the appellant had been sitting. Additional cartridges were found in the appellant's pocket.
The appellant testified and admitted his participation in the robbery but maintained that he was coerced and that Meyer threatened that if he didn't cooperate "that the kids or the wife or myself one would pay".
On the witness stand, the appellant admitted throwing the sack of money out of the car window when they first saw the police. The money and a torn paper bag taken in the robbery were recovered by the police about one mile from the Zippy Mart on the same road the appellant and Meyer were traveling when arrested.
The appellant maintained that the rifle belonged to Meyer and was not loaded during the robbery. According to the appellant, Meyer threw the bullets on the floor of the car when he saw the police car and told the appellant to "pick up the stuff out of the floor".
 I
There was no error in allowing the introduction in evidence of the .22 rifle, after an eye witness had stated that in his judgment it was the rifle which the defendant used in the robbery. In addition, it was afterwards admitted by the appellant that the rifle so admitted in evidence was the rifle he used. Higginbotham v. State, 262 Ala. 236, 78 So.2d 637
(1955); Payne v. *Page 1248 State, 261 Ala. 397, 74 So.2d 630 (1954); McGuffin v. State,178 Ala. 40, 59 So. 635 (1912); Moore v. State, 57 Ala. App. 668, 331 So.2d 422 (1976). Compare Washington v. State,56 Ala. App. 555, 323 So.2d 738 (1975) where the admission of the rifle was error where the only evidence tending to show that the rifle was used by appellant was a statement by the Sheriff that someone in authority at the hospital told him that appellant brought the rifle with him and said he had shot six people.
Furthermore when the rifle was offered in evidence, the appellant made no objection or motion to suppress. Reese v.State, 49 Ala. App. 167, 269 So.2d 622 (1972).
Although the .22 cartridges had no identifying markings on them, they were properly admitted into evidence where a Montgomery police detective testified they were the cartridges he took off the appellant when arrested. Lewis v. State,220 Ala. 461, 125 So. 802 (1930). Additionally, the appellant admitted having .22 cartridges in his pocket when arrested.
The sack of money which the appellant testified he threw out of the car window was properly identified and admitted into evidence. The detective who recovered this evidence testified that the money and the paper sack were the same ones he recovered because he initialed each individual item. Willis v.State, 37 Ala. App. 185, 66 So.2d 753 (1953); Bills v. State,49 Ala. App. 726, 275 So.2d 706 (1973).
 II
The appellant filed a demurrer to the indictment and a motion to produce well in advance of trial. The appellant alleges that he was denied a hearing on these motions, both of which were denied.
From the record it appears that the demurrer was filed after arraignment and the entry of the plea of not guilty. It is not incumbent on the court to consider the demurrer filed after a plea to the merits has been entered. Watkins v. State,50 Ala. App. 111, 277 So.2d 385, cert. denied, 291 Ala. 801,277 So.2d 389 (1973). By first pleading to the merits of the indictment, the appellant waived his right to demur. Whether to allow the plea withdrawn or to strike the demurrer is within the trial court's discretion. Oakley v. State, 135 Ala. 15,33 So. 23 (1902); Whittle v. State, 205 Ala. 639, 89 So. 43
(1921).
The denial of the motion to produce without a hearing was not error where the appellant, at trial and on appeal, does not even assert that exculpatory documents or evidence exist. A hearing was not required. Cooks v. State, 50 Ala. App. 49,276 So.2d 634, cert. denied, 290 Ala. 363, 276 So.2d 640 (1973), recommending that when it is doubtful whether there exists a "statement", the trial judge should confer with counsel to reach a determination as to the existence of any alleged
document or statement. Here the existence of any exculpatory evidence is not even alleged.
 "When the defendant, in effect asks for the State District Attorney to produce a document, he should at least establish that the State official has such document or a copy thereof in his possession before the trial court will be put in error." Strange v. State, 43 Ala. App. 599, 197 So.2d 437 (1966), followed in Giddens v. State, Ala.Cr.App., 333 So.2d 615 (1976).
 III
Finally, the appellant contends that it was error for the trial judge not to follow the recommendation of the jury setting punishment. The jury's fixed sentence at ten years with a recommendation for probation. After a "probation investigation" was conducted, the request for probation was denied and sentence was fixed in accordance with the jury verdict at ten years.
The action of the trial judge was correct and he was not bound by the jury or recommendation. Crutcher v. State,55 Ala. App. 469, 316 So.2d 716 (1975). Here the jury was not only polled but had requested during their deliberations and had been advised by the trial judge that any recommendation for a suspended sentence would only be a recommendation, "would *Page 1249 
have no automatic effect", and would not "by necessity be carried out".
After reviewing the entire record as required, we are of the opinion that this appeal is without merit. The judgment of the trial court is therefore due to be and is hereby
AFFIRMED.
All Judges concur.