The defendant was convicted for theft of property in the first degree. Alabama Code 1975, Section 13A-8-3. He was sentenced under the Alabama Habitual Felony Offender Act to life imprisonment. Alabama Code 1975, Section 13A-5-9 (c)(2). Four issues are presented on appeal.
 I
Here the trial judge, on conflicting evidence, found that consent to search was voluntarily given. The defendant's first allegation of error, that is that the consent was not voluntary, is answered in Weatherford v. State, 369 So.2d 863
(Ala.Cr.App.), cert. denied, 369 So.2d 873 (Ala. 1979).
 "(W)hen conflicting evidence is presented on the issue of the voluntariness of a consent to search and the trial judge finds that the consent was voluntarily given, great weight must be given his judgment. This finding will not be disturbed on appeal unless the appellate court is convinced that the conclusion is palpably contrary to the weight of the evidence. Even where there is credible testimony to the contrary, if the evidence is fairly capable of supporting the inference that the rules of freedom and voluntariness were observed, the ruling of the trial judge need only be supported by substantial evidence and not to a moral certainty. Sullivan v. State, 340 So.2d 878, 880-881 (Ala.Cr.App.), cert. denied, 340 So.2d 881 (Ala. 1976)." Weatherford, 369 So.2d at 871.
The ruling of the trial judge is entitled to even greater weight and, indeed, is presumed correct and without error, where, as here, the record does not disclose the evidence and testimony presented on the motion to suppress. Thomas v. State,231 Ala. 606, 165 So. 833 (1936); Robertson v. State,29 Ala. App. 399, 197 So. 73, cert. denied, 240 Ala. 51, 197 So. 75
(1940).
 II
The defendant waived his right to demur and move to quash the indictment by initially entering a plea of not guilty.Underwood v. State, 248 Ala. 308, 27 So.2d 492 (1946); Gentryv. State, 344 So.2d 1246 (Ala.Cr.App.), cert. denied,344 So.2d 1249 (Ala. 1977). We note that the trial judge required the State to elect between buying and receiving (charged in count three of the indictment) and burglary and theft (charged in counts one and two respectively). Before the jury retired, the trial court ordered count three dismissed. From the record it appears that, while the jury was deliberating and before it returned its verdict, the State nolle prossed count one of the indictment charging burglary. We find no error in the trial judge's failure to grant the defendant's demurrer and motion to quash.
 III
The defendant alleges that the evidence of another unrelated burglary and theft of clothing was not admissible against him because there was no evidence of his involvement in that crime. A review of the facts convinces this Court that the evidence affords a legitimate inference of the defendant's involvement in the other offense. Moreland v. State, 373 So.2d 1259
(Ala.Cr.App. 1979); C. Gamble, McElroy's Alabama Evidence, Section 69.02 (5) (3rd ed. 1977).
The defendant's involvement or guilt of such other transactions need not be proven beyond a reasonable doubt for such evidence to be admissible. McDonald v. State, 57 Ala. App. 529, 329 So.2d 583 (1975), cert. quashed, 295 Ala. 410,329 So.2d 596 (1976).
 IV
The defendant contends that there was no evidence to support the verdict. *Page 187 
Burglary and larceny (now theft under the new Alabama Criminal Code) may be joined in different counts of the same indictment. McDaniel v. State, 30 Ala. App. 447, 7 So.2d 583
(1942). The evidence reveals that on May 8, 1980, Amity Fair in Montgomery was burglarized and thousands of dollars worth of clothing was taken. The defendant was found in possession of some of this same clothing. Holcomb v. State, 26 Ala. App. 593,164 So. 300 (1936). Under these facts the verdict of theft is amply supported by the evidence. The issue of the defendant's guilt or innocence of burglary or theft was for the jury.Blackburn v. State, 372 So.2d 908 (Ala.Cr.App. 1978).
We have searched the record and found no error prejudicial to the substantial rights of the defendant. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges Concur.