PATTERSON, Judge.
Billy Pope appeals from his conviction of murder which resulted from the slaying of his wife, Denise Taylor Pope. This case was tried before a Marshall County jury and, after its determination of guilt, appellant was sentenced to life imprisonment.
The killing occurred on May 19, 1987, during the Popes’ separation and while divorce proceedings were pending. The record reveals that Denise was taking their son to visit appellant, who was staying with relatives during the separation. When she arrived, appellant went out to her car and grabbed the keys from the ignition, and an argument ensued. Appellant knocked Denise to the ground and then got a pistol from the trunk of his car and began threatening to kill her. He then attempted to force Denise into his car to take her down the road so she could watch him shoot himself, but she resisted and, after a few seconds of scuffling, appellant shot Denise four times, causing her death. Appellant then looked up and saw the police arriving, and he immediately turned the pistol toward himself and fired one shot into his chest.
Upon order of the trial court, appellant underwent psychological testing at the Taylor Hardin Secure Medical Facility (hereinafter the “Facility”) for the purpose of evaluating both his competency to stand trial and his sanity at the time of the killing. Although the reasons are not apparent from the record, it was some months after appellant’s admission that the Facility staff found appellant “in sufficient remission that he appeared able to meaningfully participate in further legal proceedings.” He was returned for trial and entered pleas of not guilty and not guilty by reason of mental defect. The case proceeded to trial, where the parties stipulated that appellant had shot Denise Pope and that the shots were the cause of her death. Thereafter, appellant’s sole defense was his alleged mental defect.
In an effort to establish the existence of his mental defect, appellant sought to introduce into evidence the forensic evaluation report, which had been supplied to the court and to the parties by the Facility. The state had previously filed, a motion in limine to have the report excluded, and the court heard arguments on the motion at the time the report was offered.
The state claimed that the required predicate had not been laid and that, without an authenticating witness present, it would be unable to question the information and opinions in the report. Appellant argued that the report should be admitted via the hospital record exception to the hearsay rule and that, in light of the fact that the *1102 report had been sent directly to the court from the Facility, its trustworthiness was bolstered. The trial court found that the report had not been properly offered pursuant to §§ 12-21-5 et seq., and, after expressing concern over whether the report was complete or merely a summary, it refused to allow it to be admitted. The court stated, “I think that if the hospital record itself had been subpoenaed and certified as required by the statute, there would be no problem.”
Appellant now claims, as his sole argument on appeal, that the trial court erred in . not allowing the report to be introduced into evidence.
The ruling of the trial court on this issue was based primarily on the lack of authentication of the report. In addressing that reasoning, we question its propriety, because the report was supplied directly to the trial court by the Facility, pursuant to the trial court’s own order, and was a part of the trial court’s case file. These facts would seem to supply the necessary probability of trustworthiness of the report, to allow for its admission, since probability of trustworthiness is the very essence of the business records exception to the hearsay rule. Neal v. State, 372 So.2d 1331 (Ala.Cr.App.1979). However, it is not necessary to conduct a more detailed analysis of that question in this case because we find that the report itself, as discussed below, contained no evidence legally relevant and material to appellant’s claim of a mental disease or defect. The statute setting forth the procedural requirements for the admission of hospital records does not authorize “without qualification the carte blanche admission of all the hospital records.” Lowery v. State, 55 Ala.App. 511, 514, 317 So.2d 357, 360 (1974), rev’d on other ground, 294 Ala. 347, 317 So.2d 360 (1975). “The test of relevancy still pertains as well as the opinion evidence rule and other applicable rules of evidence.” Id. See also Reynolds v. State, 484 So.2d 1171, 1173 (Ala.Cr.App.1985) (wherein the court held that “[m]edical records must still be relevant in order to be admissible into evidence”).
The statutory provision for the defense of mental defect, as set forth in § 13A-3-l(a), Code of Alabama 1975, provides the following: “A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he lacks substantial capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of law.” This section does not provide for the inclusion, in the defense of mental disease or defect, of emotional insanity or temporary mania which is not the result of a diseased mind. Neelley v. State, 494 So.2d 669 (Ala.Cr.App.1985), aff’d, 494 So.2d 697 (Ala.1986), cert. denied, 480 U.S. 926, 107 S.Ct. 1389, 94 L.Ed.2d 702 (1987). But rather, this defense is available to a defendant who, “was, in fact, not responsible for his criminal conduct because at the time of such conduct he lacked the ‘substantial capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of law’ as a result of a mental disease or defect. [Citations omitted.]” Shorts v. State, 412 So.2d 830, 833 (Ala.Cr.App.1981).
In the instant case, the forensic report appellant sought to introduce into evidence stated, in pertinent part, as follows:
“The information available to this examiner suggests that Mr. Pope was suffering symptoms of depression at the time of the alleged crime and for a period of approximately eight-ten months prior to the offense. The content of Mr. Pope’s depression focused on feelings of loss and abandonment due to his separation from his wife, the victim in this case, and the pending divorce proceedings. The symptoms experienced by Mr. Pope included loss of appetite, difficulties sleeping, subjective anxiety and distress, and subsequent increased alcohol consumption. ...
“In this examiner’s opinion, Mr. Pope’s symptoms of depression were in large part a reaction to the separation and pending divorce from his wife. In the manner described above, the patient’s symptoms appeared to have been contributory to the alleged crime of Murder.”
*1103 There is nothing contained in the report which can be perceived as legal evidence of a mental disease or defect, as that term is used in § 13A-3-l(a). See Blevins v. State, 516 So.2d 914, 916 (Ala.Cr.App.1987). A complete review of the report in question reveals that it contains no evidence of appellant’s lack of ability either to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law; but rather, it exclusively concludes that he was suffering from depression. Therefore, we conclude that the report contains no evidence which was material to proving that appellant was afflicted with a mental disease or defect of the form contemplated by § 13A-3-1. When the trial court’s ruling is correct for any reason, although the grounds stated are in error, such a ruling will not be disturbed on appeal. Pickett v. State, 456 So.2d 330 (Ala.Cr.App.1982).
Accordingly, this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.