TAYLOR, Presiding Judge.
This is an appeal by the State from a pre-trial order of the Circuit Court of Russell County quashing an indictment. The appeal is brought pursuant to Rule 17, A.R.Crim.P. Temp.
The appellee, Dennis Neil Patterson, was indicted by the Russell County grand jury during its winter 1989 term for the unlawful receipt of controlled substances, a violation of § 13A-12-212, Code of Alabama 1975 (1988 Supp.). The evidence tended to establish that appellee was arrested for this crime on September 8, 1988, after he picked up a Valium prescription from a pharmacy. The prescription had been called in by someone purporting to be a physician in the same locality as the pharmacy. This was discovered when the pharmacist who received the call attempted to verify the prescription.
Appellee was arraigned on February 1, 1989, and entered a plea of not guilty. Sometime after this, defense counsel made an oral motion to quash the indictment. On May 23, 1989, after a hearing on said motion, the trial court quashed the indictment.
After reviewing the record, we find that the order of the trial court quashing the indictment is due to be reversed because the appellee’s motion to quash was not timely made. In Smith v. State, 401 So.2d 185, 186 (Ala.Cr.App.), cert. denied, 401 So.2d 187 (Ala.1981), we made it clear that “[t]he defendant waived his right to demur and move to quash the indictment by initially entering a plea of not guilty.” See also Underwood v. State, 248 Ala. 308, 27 So.2d 492 (1946); Swint v. State, 455 So.2d *182 285 (Ala.Cr.App.1984); Gentry v. State, 344 So.2d 1246 (Ala.Cr.App.), cert. denied, 344 So.2d 1249 (Ala.1977).
We further note that even if the motion to quash had been timely, the trial court’s action would still require reversal. Appel-lee was indicted for the unlawful receipt of controlled substances, a violation of § 13A-12-212, Code of Alabama 1975 (1988 Supp.). The attempt to commit this crime is, by statute, an included offense. § 20-2-164, Code of Alabama 1975 (1988 Supp.). The stipulated facts established that, at the very least, appellee was guilty of an attempted unlawful receipt of controlled substances. See § 20-2-162 and § 13A-4-2, Code of Alabama 1975. Thus, the indictment should not have been quashed.
The judgment of the trial court is due to be, and it is, hereby, reversed and the cause is remanded.
REVERSED AND REMANDED.
TYSON and PATTERSON, JJ., concur.
McMILLAN, J., joins with BOWEN, J., who concurs in result only with opinion.